### McAULIFFE *v.* BAUM *et al.*

A justice's court has no jurisdiction of a suit brought to foreclose a lien on real estate for work done or for material furnished in the improvement of the same.

OCTOBER 13, 1914.

Certified question; from Court of Appeals (Case 5373).

*Isaac S. Peebles Jr.,* for plaintiff.

*Archibald Blackshear,* for defendants.

FISH, C. J. The Court of Appeals has propounded to this court the following question: "Can a lien for work or for material furnished in the improvement of real estate be foreclosed in a justice's court? Or are the justice's courts without jurisdiction to foreclose liens upon real estate?"

By statute in this State (Civil Code of 1910, §§ 3352, 3353) every mechanic of every sort, who has taken no personal security therefor, is given, for work done or material furnished in building, repairing, or improving any real estate of his employer, a special lien on such real estate; and when the work is done or the material is furnished upon the employment of a contractor, or some person other than the owner, then the lien attaches upon the real estate improved, as against the true owner, for the amount of the work done, or the material furnished, unless the owner shows that the lien has been waived or that the debt for the work or material has been paid in the way that the statute provides: provided, that in no event shall the aggregate amount of liens set up exceed the contract price of the improvements made. To make good the lien it "must be created

and declared in accordance with the following provisions, and on failure of either the lien shall cease, viz:

"1. A substantial compliance by the party claiming the lien with his contract for building, repairing, or improving, or for materials or machinery put up or furnished, as set forth in" section 3352.

"2. The recording of his claim of lien within three months after the completion of the work, or within three months after such material or machinery is furnished, in the office of the clerk of the superior court in the county where such property is situated, which claim shall be in substance as follows: [The form of the claim is here set forth].

"3. The commencement of an action for the recovery of the amount of his claim within twelve months from the time the same shall become due."

According to section 3365, the lien is foreclosed by "suit" commenced within twelve months from the time the claim becomes due, in which suit it must appear that the action was brought within the time stated, that the person claiming the lien has complied with his contract, that his claim of lien has been duly recorded; and the lien must be set forth and the premises on which it is claimed described; "and if the lien is allowed," the verdict shall set it forth, and the judgment and execution be awarded accordingly.

The present constitution of this State declares that: "Justices of the peace shall have jurisdiction in all civil cases arising ex contractu, and in cases of injuries or damages to personal property, when the principal sum does not exceed one hundred dollars, and shall sit monthly at fixed times and places; but in all cases there may be an appeal to a jury in said court, or an appeal to the superior court, under such regulations as may be prescribed by law." Art. 6, sec. 7, par. 2 (Civil Code (1910), § 6524).

The general scheme of the constitution in conferring jurisdiction upon the inferior courts which it specifies is to deal exhaustively with the subject-matters which it mentions and enumerates. *Western Union Tel. Co.* v. *Taylor,* 84 *Ga.* 408 (11 S. E. 396); *Blocker* v. *Boswell,* 109 *Ga.* 230 (34 S. E. 289); *Southern Ry. Co.* v. *Born Steel Range Co.,* 122 *Ga.* 658, 660 (50 S. E. 488). In defining and limiting the jurisdiction of justices of the peace the constitution does not invest them with jurisdiction over civil cases in *form* ex

contractu, but the language is that they shall have jurisdiction in all civil cases *arising* ex contractu. Therefore, whether a justice's court has jurisdiction of a suit brought to foreclose a lien on real estate for work done or for material furnished in improving the same depends upon whether such suit is a civil case arising ex contractu. It is, of course, a civil case; and it seems equally obvious that it does not arise ex contractu, as the lien sought to be foreclosed is not created by contract but is wholly of statutory origin, and arises by furnishing the material or doing the work, and is imposed by statute, regardless of any agreement on the part of the land-owner. Boisot on Mechanics' Liens, §§ 1, 4, 5; 2 Jones on Liens, § 1235, p. 259.

From what we have said, our conclusion is that a justice's court is without jurisdiction to foreclose a mechanic's lien upon real estate; and the question propounded is answered in the negative.

*All the Justices concur.*