16090, 16157.   ADAIR & McCARTY BROTHERS *v.* SMITH
*et al.;* and *vice versa.*

In a suit against two or more persons on a joint obligation, set-off is not available to less than the entire number of defendants. The plaintiffs in this case having so amended their petition as to strike from it all claims based on the first or individual contract of one of the defendants, so that the petition as amended was an action only on the joint contract of the defendants, the court erred in overruling the motion of the plaintiffs to strike a plea of recoupment which was based on the first or individual contract and which set up a counterclaim in favor of that defendant alone who had signed the first contract. This error rendered the subsequent proceedings nugatory.

The court did not err in refusing to strike, on oral motion at the trial, the plea by which the defendants sought to recoup customary charges for storing and handling fertilizers as agents of the plaintiffs.

DECIDED APRIL 14, 1925.   REHEARING DENIED MAY 14, 1925.

Complaint; from Butts superior court—Judge Persons.   October 25, 1924.

Application for certiorari was denied by the Supreme Court.

*W. E. Watkins, Smith, Hammond & Smith,* for plaintiff.

*John R. L. Smith, Grady C. Harris, J. LeConte Smith,* for defendants.

LUKE, J.   When this case was formerly before this court (27 *Ga. App.* 717, 110 S. E. 317), the court said: "The first of the two contracts set forth in the petition was signed by only one of the defendants, and liability thereon by the other defendant is claimed only by virtue of a separate and independent contract of guaranty, embodied in a letter to plaintiffs signed by such other defendant whereby he guaranteed payment as to a specified quantity of the fertilizer. The other contract was joint, and was signed by both defendants. The defendants were sued jointly and in one count on each of these two contracts; that is, upon the individual contract of one defendant as thus guaranteed by the other, and

upon the other or joint contract of both defendants. This could not be done, since such a guarantor is properly sued alone, and the primary debtor is not subject to suit jointly with him."

The plaintiffs thereafter amended their petition by striking therefrom all claims based upon the first or individual contract of only one of the defendants, leaving it as a declaration alone upon the joint contract of both defendants; and the plaintiffs made an oral motion, in the nature of a general demurrer, to strike from the defendants' answer a plea of recoupment which was based upon the first or individual contract and which set up a counterclaim in favor of that defendant alone who had signed the first contract. The motion to strike was overruled, and the plea of recoupment was allowed to remain as a plea of set-off against the plaintiffs' claims growing out of the joint contract declared on in the amended petition. *Held:* (a) "In a suit against two or more persons on a joint obligation, set-off is not available to less than the entire number of defendants." *Wilson* v. *Exchange Bank,* 122 *Ga.* 495 (50 S. E. 357). (b) While a plaintiff is not, as a general rule, entitled to dismiss his action after a plea of set-off or recoupment is filed, so as to interfere with such plea, yet where, as in this case, the defendant himself invokes the ruling which makes such dismissal necessary, the claim and the counterclaim go out together. (c) Such plea of set-off should have been stricken on the plaintiffs' oral motion.

The court properly refused to strike, on oral motion at the trial, the defendants' plea to recoup $92.15 on account of the expense of storing and handling fertilizers as agents of the plaintiffs, since the contract now declared on obligates the defendants to render such service, and is silent as to their compensation therefor, while the plea alleges that, "according to the universal custom of the fertilizer trade, it is recognized and understood by persons in said trade that 50 cents per ton is a fair and reasonable expense to be allowed by fertilizer manufacturers and wholesalers to their agents for and on account of storing and handling fertilizer supplied to them in the manner of the transactions between plaintiffs and these defendants," and further designates such a quantity of fertilizer handled as to justify the amount of this claim. Civil Code (1910), § 1 (4).

The error pointed out above, in refusing to strike the plea

of set-off interposed by one of the defendants alone, rendered the subsequent proceedings nugatory.

*Judgment reversed on main bill of exceptions; cross-bill dismissed.* *Broyles, C. J., and Bloodworth, J., concur.*