## 52590. LOGAN PAVING COMPANY v. LILES CONSTRUCTION COMPANY, INC.

SMITH, Judge.

In the present case, a subcontractor (Logan Paving Co.) brought an action on March 6, 1974 against the prime contractor (Liles Construction Co., Inc.) seeking recovery of sums allegedly due the subcontractor for work, labor, services and materials rendered and delivered. The defendant contractor was a nonresident of the State of Georgia and a resident of the State of Alabama, and within a few days after the filing of the complaint, was served by second original in Montgomery County, Alabama, and service was also made on its registered agent for service in Fulton County, Georgia. The defendant contractor moved to quash the service, and to dismiss the complaint for improper service, and to dismiss for lack of venue, and counterclaimed. Subsequently in December, 1975, the complainant amended its complaint to make United States Fidelity & Guaranty Co. a party defendant and alleging that the United States Fidelity & Guaranty Co. was the surety on a bond with the contractor as principal, executed September 14, 1973 and given in order to discharge the lien against the real estate improved pursuant to Code § 67-2004 enacted in 1953 (Ga. L. 1953, p. 544) and, in 1972 amended in a manner not here material (Ga. L. 1972, p. 469). The bond recited the filing of a claim of lien on April 6, 1973 and contained the following condition: "Now should the said Liles Construction Company, Inc. as principal or United States Fidelity & Guaranty Company as security, pay to the said Logan Paving Company, holder of said lien, the sum that may be found due it on the trial of any action that may be filed [by] the said Logan Paving Company to recover the amount of its claim, within 12 months from time said claim shall become due, then this bond to be void, otherwise of full force and effect." The United States Fidelity & Guaranty Co., which had an agent, an office,

and a place of doing business in Clarke County, Georgia was duly served. It sought the dismissal of the complaint as to it on the ground the complainant failed to state a claim for relief, and that no cause of action against it existed until a judgment was obtained against the main contractor, and that it was not made a party within the "12 months from the time the claim became due."

The trial judge after considering matters outside the pleading sustained the motions of the United States Fidelity & Guaranty Co. to dismiss for failure to state a claim upon which relief could be granted, to quash the service on the defendant contractor, and to dismiss the action as to the contractor for lack of venue and lack of service. The complainant appealed. *Held:*

1. Where a pending action is dismissed as against one defendant by the trial judge upon motion by the one defendant to quash the service, and dismissal for lack of venue, the dismissal carries with it the counterclaim of the one defendant, and the dismissal of the complaint as to all defendants is an appealable judgment. See in this connection *Adair & McCarty Bros. v. Smith,* 33 Ga. App. 674, 675 (128 SE 76); *Morse v. Turner,* 20 Ga. App. 108, 114 (2) (92 SE 767); *Rice-Stix Dry Goods Co. v. Friedlander Bros.,* 30 Ga. App. 312, 314 (5a) (117 SE 762); *Jellico v. Bailie,* 130 Ga. 447 (1) (60 SE 998).

Section 41 (a) of the Civil Practice Act (Code Ann. § 81A-141 (a)), concerning the effect of a voluntary dismissal by a complainant has no application here.

2. (a) The addition of the United States Fidelity & Guaranty Co. as a party to the case, with proper venue as to it, and seeking recovery on the bond against it and the contractor as joint obligors perfected venue as to the contractor in Clarke County, Georgia (Code § 2-4904; *Daniel & Daniel, Inc. v. Cosmopolitan Co.,* 137 Ga. App. 383 (224 SE2d 44)) and under Section 15 (c) of the Civil Practice Act (Ga. L. 1966, pp. 609, 627, as amended by § 6 of the Act of 1972, pp. 689, 694; Code Ann. § 81A-115 (c)) the amendment relates back to the date of the original suit so as to perfect venue. Id.

(b) It also relates back to "validate" the proper service on the registered agent of the contractor two days after the filing of the complaint (*Daniel & Daniel, Inc. v.*

*Cosmopolitan Co.,* 137 Ga. App. 383, supra) even though it may be upon a new cause of action, as the new cause of action arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Sam Finley, Inc. v. Interstate &c. Ins. Co.,* 135 Ga. App. 14, 20 (217 SE2d 358). Once venue was established as to the contractor in the Superior Court of Clarke County, the service upon its registered agent for service in Fulton County became effective, it being proper service under the circumstances. See in this connection *Leniston v. Bonfiglio,* 138 Ga. App. 151, 152 (226 SE2d 1).

3. As to the foreclosure of a lien for the improvement of real estate by a claimant, there is a condition precedent to the assertion of the lien, "[t]he commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due." Code § 67-2002, par. 3. This provision has consistently been held by the courts of this state not to be a statute of limitation as to the foreclosure or assertion of the lien, but a condition precedent to the establishment of the lien, whether the "recovery of the amount of his claim" be properly brought against the contractor or the owner, whichever one is contractually responsible for the debt. See in this connection *David v. Marbut-Williams Lumber Co.,* 32 Ga. App. 157 (122 SE 906); *Kwilecki v. Young,* 180 Ga. 602 (180 SE 137); *Jordan Co. v. Adkins,* 105 Ga. App. 157 (1) (123 SE2d 731). This language relates to an action against the person creating the debt and not to a subsequent suit to foreclose the lien against the property improved (*Buck v. Tifton Mfg. Co.,* 4 Ga. App. 695, 696 (62 SE 107); *Southern R. Co. v. Crawford &c. Co.,* 178 Ga. 450 (173 SE 378)), although it is permissible in the action against the contractual debtor to join therein the foreclosure of the lien either originally or by amendment thereto (*Royal v. McPhail,* 97 Ga. 457 (4) (25 SE 512)), provided venue is obtainable. See *Mauck v. Rosser,* 126 Ga. 268 (1) (55 SE 32); *Atkinson v. Wingate Plumbing Co.,* 20 Ga. App. 480 (93 SE 122); *Thurman v. Willingham,* 18 Ga. App. 395 (1) (89 SE 442). We see no reason to hold that the condition in the bond, which is the same as the condition contained in Code § 67-2004, has any different meaning than that contained in Code § 67-2002, par. 3.

The United States Fidelity & Guaranty Co., surety on the bond, having been made a party within the limitations applicable to a suit upon a contract under seal (Code § 3-703), no question of relation back to the time of the institution of the suit and so as to prevent running of the statute of limitation is involved.

See in reference to the statute of limitation: *Sims v. American Cas. Co.,* 131 Ga. App. 461, 481 (206 SE2d 121) a "John Doe" action where there was no service upon anyone until the actual parties were brought in by an amendment and service made after the statute of limitation had expired and no notice of the action on the part of the defendants was shown by the complainant, when the burden was on the defendants on motion for summary judgment to negative notice. Compare *Sam Finley, Inc. v. Interstate &c. Ins. Co.,* 135 Ga. App. 14, 20 (3), supra, in which a limitation of action on a payment bond was involved and the court on motion for summary judgment by the surety defendant reversed the grant of a summary judgment because the movant defendants had not proven they did not have a notice of the pending action within the statutory limitation.

4. We, therefore, in accordance with the above rulings, hold the trial judge erred in holding the "statute of limitation," or the limitations in the bond, required the bringing of an action on the bond or the making of the surety, United States Fidelity & Guaranty Co., a party to the action on the debt or the foreclosure, within 12 months from the time the debt against the contractor became due; and erred in sustaining the United States Fidelity & Guaranty Co.'s motion for summary judgment based thereon; and also erred in quashing the service as to the Liles Construction Co., Inc. and in holding there was lack of venue as to it and dismissing the claim against it both as to the debt and as to the bond.

*Judgment reversed. McMurray, J., concurs. Marshall, J., concurs in the judgment only.*

Submitted September 7, 1976 — Decided January 5, 1977 — Rehearing denied January 26, 1977 — ▮▮▮▮▮▮▮▮

*Fortson, Bentley & Griffin, J. Edward Allen, Thomas A. Nash, Jr.,* for appellant.

*Erwin, Epting, Gibson & McLeod, Eugene A. Epting,* for appellees.