### 33350. ADAIR MORTGAGE COMPANY v. ALLIED CONCRETE ENTERPRISES, INC.

HILL, Justice.

This is a materialman's lien case. Certiorari was granted to review the Court of Appeals opinion in *Adair Mtg. Co. v. Allied Concrete Enterprises,* 144 Ga. App. 354 (241 SE2d 267) (1977), where that court held that: "The requirement of the first sentence of Code § 67-2002 [3][1] as

---

[1] See *Fayetteville-85 Associates, Ltd. v. Samas, Inc.,*

to the time within which an action may be commenced relates to the [materialman's] action against the contractor and not to the action against the owner of the real estate." (Matter in brackets added.)

In arriving at that decision the Court of Appeals relied upon two decisions of this court, *Lombard v. Trustees, Young Men's Library Assn. Fund,* 73 Ga. 322, 324 (1885), and *Southern R. Co. v. Crawford & Slaten Co.,* 178 Ga. 450 (173 SE 91) (1934), plus several cited decisions of the Court of Appeals. Numerous other decisions could also have been cited: see, for example, *Griffin Bros. v. Gainesville Iron Works,* 144 Ga. 840, 842-843 (88 SE 201) (1916); *Smith v. Walker,* 194 Ga. 586 (1) (22 SE2d 160) (1942); *Bryant v. Jones,* 90 Ga. App. 314 (1) (83 SE2d 46) (1954); *Jordan Co. v. Adkins,* 105 Ga. App. 157 (1) (123 SE2d 731) (1961); *Allied Asphalt Co. v. Cumbie,* 134 Ga. App. 960 (1) (216 SE2d 659) (1975); *Old Stone Mtg. &c. v. New Ga. Plumbing,* 140 Ga. App. 686, 690 (231 SE2d 785) (1976), as well as the more recent *Logan Paving Co. v. Liles Const. Co.,* 141 Ga. App. 81, 83 (232 SE2d 575) (1977).

The owner in the case before us cites *Chamblee Lumber Co. v. Crichton,* 136 Ga. 391 (71 SE 673) (1911), which was distinguished in *Southern R. Co. v. Crawford & Slaten Co.,* 46 Ga. App. 424 (167 SE 756) (1933), with the approval of this court in *Southern R. Co. v. Crawford & Slaten Co.,* supra, 178 Ga. at 451. The owner also cites dicta in *McAuliffe v. Baum,* 142 Ga. 590, 591 (83 SE 239) (1914), which dicta has not been followed.

The owner argues that the *Southern R. Co.* decision, supra, did not take Code Ann. § 67-2301 (1) into account. The earlier *Lombard v. Trustees* decision, supra, did however.

The owner argues that the 1968 amendment (Ga. L. 1968, pp. 317-319) to Code § 67-2002 (3), was intended to require foreclosure of the lien within 12 months, as shown by the caption to that amendment. The 1968 Act amended a 1941 amendment, Ga. L. 1941, pp. 345-348, and did not

241 Ga. 119 (1978), upholding the constitutionality of Code Ann. § 67-2002.

impose a 12 month requirement upon those provisions of Code § 67-2002 (3) or § 67-2301 (1) which are applicable to the facts of this case (e.g., the contractor has not been adjudicated a bankrupt). 20 EGL, Liens, §§ 165, 166; see 1968 Journal of the House, pp. 312-313.

After consideration, we have determined that the majority opinion of the Court of Appeals in this case is correct. Any inference to the contrary in *Dixie Lime &c. Co. v. Ryder Truck Rental, Inc.*, 140 Ga. App. 188 (230 SE2d 322) (1976), will not be followed.

*Judgment affirmed. All the Justices concur, except Marshall, J., who is disqualified.*

ARGUED MARCH 14, 1978 — DECIDED APRIL 3, 1978.

*King & Spalding, A. Felton Jenkins, Jr., G. Lemuel Hewes, H. Lamar Mixson, Jr.,* for appellant.

*Zachary & Segraves, Wayne F. Carmichael,* for appellee.

*Stokes & Shapiro, Ira J. Smotherman, Jr., Sally A. Blackmun,* amicus curiae.