60081. HANCOR, INC. v. FLEMING FARMS, INC.

SHULMAN, Judge.

Plaintiff brought suit against defendant to foreclose a claim of lien. On appeal from the grant of defendant's motion for summary judgment, we affirm.

The facts briefly are as follows: Defendant contracted with Ansley Contracting Company (hereinafter "Ansley") to make im-

provements upon certain of its real property located in Dougherty County. Plaintiff alleges that it supplied certain materials to Ansley to be used in the construction of the improvements. Following Ansley's failure to pay for such materials and pursuant to Code Ann. § 67-2002 (1), (2), plaintiff-materialman filed a notice of lien in Dougherty County for the purchase price of the materials, subsequently bringing suit on its claim against Ansley in Sumter County. After obtaining a default judgment against Ansley, plaintiff brought the present action against defendant in Fulton County to foreclose on the above-mentioned lien.

The trial court granted defendant's motion for summary judgment on the grounds that plaintiff's failure to file notice in Dougherty County of its action against Ansley in Sumter County, in accordance with the provisions of Code Ann. § 67-2002 (3), renders its claim of lien unenforceable. We agree.

Code Ann. § 67-2002 reads in pertinent part as follows: "To make good the liens specified in section 67-2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective . . . 3. The commencement of an action for the recovery of the amount of [a mechanic's or materialman's] claim within 12 months from the time the same shall become due, and if the action is not filed in the superior court of the county in which the claim of lien was filed, then also within such 12 months' period, the party claiming the lien shall file under oath with the clerk of the superior court of the county wherein the subject lien was filed a notice identifying the court where the action is brought . . .*Failure to bring action and to file such notice within the time required shall extinguish the subject claim of lien and render the same unenforceable."* (Emphasis supplied.)

In *Adair Mtg. Co. v. Allied Concrete Enterprises,* 241 Ga. 121 (243 SE2d 888), it was held that the beginning of Code Ann. § 67-2002 (3), which sets forth the time limitations for the commencement of actions, applies only to actions brought against contractors and not to actions against the owner of the real estate. Perforce, the notice required to be filed in regard to the commencement of such action is notice of the commencement of suit against the contractor, not the landowner. Since such notice is a prerequisite to the enforceability of the lien, it logically follows that plaintiff's failure to adhere to the notice requirement (in regard to filing notice of the suit against Ansley) extinguishes its claim of lien.

Although in some instances, as plaintiff points out, notice of the filing of a suit against the contractor would not be mandatory (e.g., where the contractor has died, absconded or is otherwise not subject to service of process, or where the contractor has been adjudicated a

bankrupt, or where after the filing of suit no final judgment can be obtained by reason of his death or adjudication of bankruptcy), we are not presented with such a situation in the case at bar. That being so, insofar as § 67-2002 (3) provides that (notwithstanding the exceptions delineated above) it is incumbent upon the party asserting the lien to file suit or obtain judgment against the contractor "as a prerequisite to enforcing a lien against the property so improved" (following which said party "may, subject to the provision of section 67-2001, enforce said lien directly against the property so improved, in an action against the owner thereof . . ."), plaintiff's failure to file notice of an action against the contractor renders its claim of lien unenforceable. We hold, therefore, that the grant of summary judgment in favor of defendant was proper.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 5, 1980 —

*Ben F. Easterlin, IV,* for appellant.
*W. Fred Orr, II, Richard E. Galen, James G. Edwards, II,* for appellee.