## 60671. BENNETT el al. v. BLACKWELL et al.

SHULMAN, Presiding Judge.

In a contract for the sale of real property, appellant-sellers agreed that upon payment of the down payment and one dollar, appellee-buyers would be entitled to release of 10% of the real estate from the deed to secure debt which was to be executed as a part of the sale. The contract also provided that certain clauses thereof, including the release clause, would not merge with any deed. The down payment was made at closing, but no request for release was made at that time. When the first interest payment came due, appellees paid $1,000 less than the amount due. Whether that constituted a default or was forgiven was an issue in this litigation. Shortly before the second payment came due, one of the appellees approached appellants and requested that appellants accept significantly less than the amount due. Appellants refused to accept the amount suggested. Appellees then presented appellants with a quitclaim deed for 10% of the property. Relying on a provision in the deed to secure debt to the effect that no release of property therefrom was to be made while appellees were in default on the underlying obligation, appellants refused to execute the quitclaim deed and initiated foreclosure proceedings. After the second payment was overdue, appellees then brought the present action seeking rescission of the whole transaction or an injunction against the foreclosure. After a bench trial, the lower court awarded monetary damages to appellees for breach of contract.

1. Regardless of the merits of the case, the judgment cannot stand. Appellees sought only equitable relief. Nowhere in the record or in the transcript was there any mention of money damages for breach of contract. "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defense to such relief." Code Ann. § 81A-154 (c) (1). The propriety of the relief granted not having been litigated, the judgment awarding damages to appellees was not proper.

2. Furthermore, it appears indisputably from the record that at the time this action was filed appellees were in default on the contract on which the action was brought. That being so, appellees were not entitled to the equitable relief sought in their petition. *Dozier v. Shirley,* 240 Ga. 17 (239 SE2d 343).

It is apparent, then, that appellees were not entitled to any relief. The grant of judgment in their favor was error.

*Judgment reversed. Quillian, C. J., and Birdsong, J., concur.*

Decided February 20, 1981.

*Robert K. Ballew,* for appellants.
*James O. Wilson, Jr.,* for appellees.