62156. STATHAM MACHINERY & EQUIPMENT COMPANY, INC. v. HOWARD CONSTRUCTION COMPANY, INC. et al.
62376. TOOL BOX, INC. v. HOWARD CONSTRUCTION COMPANY, INC. et al.

SOGNIER, Judge.

These cases involve two suits to foreclose materialmen's liens against R. H. Macy & Co., Inc. (Macy's). The defendants and the issues in both cases are the same; thus, in the interest of judicial economy, we will combine the cases on appeal.

Statham Machinery & Equipment Co., Inc. (Statham) and Tool Box, Inc. (Tool Box) rented certain equipment to a subcontractor, Howard Construction Co. (Howard), for use in building a new Davison's department store. Davison's is owned by Macy's. Howard failed to pay Statham and Tool Box for the rentals.

On January 11, 1980, Tool Box and Statham filed claims of liens in the Superior Court of Fulton County for satisfaction of the claims which became due to them on October 15, 1979 and November 12, 1979, respectively. On October 14, 1980, Tool Box filed suit against Howard Construction Co. and Macy's in the State Court of Fulton County to collect the amount owed on the rental contract between Tool Box and Howard or to foreclose the claim of lien against the property owned by Macy's. Statham filed a similar suit against Howard and Macy's on October 29, 1980. Macy's answered both suits and defended on the basis of the plaintiffs' failure to give notice to the

clerk of the Superior Court of Fulton County in accordance with Code Ann. § 67-2002 (3) (Ga. L. 1977, p. 676). Statham and Tool Box filed said notice on November 21, 1980.

Macy's motion for summary judgment based on the failure to give proper notice under the statute was granted. We affirm.

Appellants contend that the trial court erred in finding that the claim of lien against the property was extinguished because of their failure to file the statutory notice of suit with the superior court within 12 months of the time the claim (against Howard) became due. Code Ann. § 67-2002 (Ga. L. 1977, p. 676) provides, in pertinent part:

"67-2002. . . . To make good the liens specified in section 67-2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective, viz.: . . .

"3. The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due, and *if the action is not filed in the superior court of the county in which the claim of lien was filed, then also within such 12 months' period, the party claiming the lien shall file under oath with the clerk of the superior court of the county wherein the subject lien was filed a notice* identifying the court wherein the action is brought, the style and number of the action, including the names of all parties thereto, the date of the filing of the action, and the book and page number of the records of the county wherein the subject lien is recorded in the same manner in which liens specified in section 67-2001 are filed. *Failure to bring action and to file such notice within the time* required shall extinguish the subject claim of lien and render the same unenforceable." (Emphasis supplied.)

Appellants rely on a recent Supreme Court decision holding that the failure to specify in the claim of lien the amount claimed due and the date the claim became due does not render the lien ineffective. *J. H. Morris Bldg. Sup. v. Brown,* 245 Ga. 178, 179 (264 SE2d 9) (1980). Thus, appellants argue, a technical defect should not defeat the lien.

Appellants' reliance on *Morris* is misplaced. The provision regarding failure to specify the amount due and the date the claim became due is found in § 67-2002 (2) and specifically states that such failure "shall result in such lien not constituting notice for any purpose." On the other hand, Code Ann. § 67-2002 (3) (Ga. L. 1977, p. 676) specifically provides that "Failure to bring action and to file such notice [with the superior court] within the time required shall extinguish the subject claim of lien and render the same unenforceable." The notice required to be filed is the notice of the commencement of suit against the contractor, and is a prerequisite to the enforceability of the lien. *Hancor, Inc. v. Fleming Farms,* 155 Ga.

App. 579, 580 (271 SE2d 712) (1980).

This is not a case where notice of filing of suit against the contractor is not mandatory (e.g., where the contractor has died, absconded or is otherwise not subject to service of process, or where the contractor has been adjudicated a bankrupt, or where after the filing of suit no final judgment can be obtained by reason of his death or adjudication of bankruptcy); Howard was subject to service and personally served pursuant to Code Ann. §§ 24-113.1 and 24-115. Nor do we find that a different result should obtain simply because the contractor was sued in the same action as the foreclosure of the claim of lien. Such circumstances do not create an exception to the mandatory provision of notice to the superior court found in the statute.

*Judgments affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 19, 1981 —
REHEARING DENIED NOVEMBER 23, 1981 — 

*Charles V. Choyce, Jr., Lloyd A. Fox,* for appellants.
*James E. Spence, Jr.,* for appellees.