68825. D & T GLASS, INC. v. BARROW ENTERPRISES, INC.
(325 SE2d 170)

BENHAM, Judge.

Appellant supplied material for construction on appellee's property. When the contractor did not pay the bill, appellant filed a lien against appellee's property. Subsequently, appellant brought suit against the contractor and procured a judgment against him. After appellant commenced an action against appellee seeking to enforce the lien, appellant filed a notice of the commencement of that action in an effort to comply with OCGA § 44-14-361.1 (a) (3). The trial court granted summary judgment to appellee on the basis of appellant's failure to file the required notice at the time of the commencement of the action against the contractor. We affirm.

OCGA § 44-14-361.1 (a) provides for the establishment of liens provided for in the preceding section: "To make good the liens specified in paragraphs (1) through (7) of subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable . . . ." Paragraph (3) provides that the lienholder must commence an action for the recovery of the debt within 12 months from the time the debt becomes due, and further provides as follows: "In addition, at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed." In the present case, no notice was filed until suit was brought against the owner.

Appellant's sole argument on appeal is that this court should interpret the statutory provision set out above to require the filing of the notice at the time of commencement of an action against the owner. That issue has been decided adversely to appellant in *Hancor, Inc. v. Fleming Farms*, 155 Ga. App. 579 (271 SE2d 712) (1980). This court's decision in *American Hosp. Supply Corp. v. Starline Mfg. Corp.*, 171 Ga. App. 790 (320 SE2d 857) (1984), does not change the result of this case since the only notice the appellant in this case filed was of the commencement of the action against the owner, whereas the plaintiff in *American Hosp. Supply* filed notice of the commence-

ment of the suit against the contractor, albeit tardily. Since appellant failed to follow the mandatory procedure established in § 44-14-361.1 (a) (3) and since this is not a case in which a suit against the contractor is not mandatory (*Hancor, Inc.*, supra), appellant's lien is unenforceable and the trial court was correct in granting summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 29, 1984.

*Griffin Patrick, Jr.*, for appellant.
*J. Al Cochran*, for appellee.