71316. FRANK WOODS CONSTRUCTION COMPANY, INC.
v. RANDI et al.
(339 SE2d 406)

DEEN, Presiding Judge.

Frank Woods Construction Company, Inc., brought an action entitled "Complaint to Foreclose Real Property and Complaint for Damages" against Vincent J. Randi, Elena Randi, and Allen Hendrix. Hendrix never answered, and appellant obtained a default judgment in the amount of $18,822.61 in liquidated damages and punitive damages in the sum of $49,166.66. The construction company brings this appeal from the grant of summary judgment in favor of the Randis.

The lawsuit was based in part upon a contract between Frank Woods Construction Co. and the Randis to construct a motel. The complaint alleged that $18,822.61 for work contracted for had not been paid, and that Frank Woods was seeking another $100,000 in damages for fraud and deceit.

The record shows that prior to construction the appellees leased the property upon which the motel was to be built from Hendrix, and that the lease contained an option to purchase. Subsequent to the institution of this lawsuit appellees did, in fact, purchase the property. The fraud and deceit claim is based upon Frank Woods' contention that the Randis misrepresented the ownership of the property.

1. OCGA § 44-14-361.1 sets forth the requirements for the creation of materialmen's liens. Section (a) provides: "[T]hey must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable." Paragraph (3) requires "commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due"; and "In addition, at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed." This paragraph goes on to specify the notice requirements. No notice was given in the instant case.

Filing notice is a prerequisite to enforcement of a lien. *Newton Lumber &c. v. Crumbley*, 161 Ga. App. 741 (290 SE2d 114) (1982); *Statham Machinery & Equip. Co. v. Howard Constr. Co.*, 160 Ga. App. 466 (287 SE2d 249) (1981). Moreover, there can be no enforceable lien in the absence of a contractual relationship between the property owner and the person to whom the materials were furnished. *Ben Hill Ready Mix Concrete Co. v. Prather*, 160 Ga. App. 149 (286 SE2d 481) (1981). Assuming without deciding that the complaint failed to state a cause of action against the Randis because they did not own the property, OCGA § 44-14-361 (b) provides that special liens may attach to real estate for which labor, services, or materials are supplied if they are furnished at the instance of the owner, contractor, or

some person acting for the owner or contractor. Even if a jury question is raised to determine if the Randis fit into the latter category, the lien must fail for lack of the statutorily required notice.

2. The motion for summary judgment raised four grounds, all attacking the foreclosure of the materialman's lien, but stated summary judgment was being sought in "each and every claim of the within action." The other counts were for breach of contract against the Randis, fraud by the Randis, assault by Vincent Randi, and fraud against Hendrix. Damages were sought on all these accounts. As the grounds in the motion covered only the claim for foreclosure, all that was before the court was a motion for partial summary judgment, and the court erred in granting summary judgment on all claims. *Bennett v. Blackwell*, 157 Ga. App. 617 (278 SE2d 159) (1981); *Pollard v. First Nat. Bank of Albany*, 169 Ga. App. 598 (313 SE2d 785) (1984).

Accordingly, we affirm as to the grant of partial summary judgment as to the foreclosure issue, but reverse as to the remaining issues.

*Judgment affirmed in part and reversed in part. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986.

*Robert M. Ray, Jr.*, for appellant.
*Michael J. Gannam*, for appellees.