### 74888. ALLIED ELECTRICAL CONTRACTORS, INC. v. KERN & COMPANY, INC.
(362 SE2d 452)

POPE, Judge.

Appellant subcontractor brought this action for foreclosure of a materialman's lien against appellee landowner and also the general contractor, Contel Construction Company. Appellant has been unable to locate Contel Construction in order to effect service of process upon it. Appellee answered the complaint and subsequently moved for and was granted summary judgment. The trial court found substantial compliance with the several statutory prerequisites to foreclosure of the subject lien "with the exception that the notice clearly was not executed under oath."

In order to make good a materialman's lien such as the one in this case, the lien "must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall

---

not be effective or enforceable: . . . The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due. In addition, at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed. . . . [Among other requirements, the] notice shall be executed, under oath, by the party claiming the lien or by his attorney of record." OCGA § 44-14-361.1 (a) (3). " 'This act is in derogation of the common law, and must be construed strictly. It creates a lien in favor of certain persons under certain circumstances, which overrides all other liens. Before this lien can be allowed, the party must show compliance with all the conditions, and bring himself within all the requirements and limitations of the statute.' " *Kwilecki v. Young*, 180 Ga. 602, 604 (180 SE 137) (1935). "Strict compliance with these sections is required. [Cits.]" *King v. Rutledge*, 208 Ga. 172, 175 (65 SE2d 801) (1951).

The notice in this case was signed by appellant's counsel but was not executed under oath. Appellant argues that due to counsel's status as an officer of the court, he was not required to execute the notice under oath. See generally *Whitehead v. State*, 96 Ga. App. 382 (1) (100 SE2d 139) (1957). We find no support whatsoever for this proposition in the face of statutory language to the contrary. See, e.g., OCGA §§ 18-4-61; 44-7-50; 44-14-231 (requiring a statement of facts by an attorney to be made under oath). Rather, we find the cited language of the statute to be plain and unambiguous. Failure to comply with the statutory mandate of filing notice of the lien *under oath* renders the lien unenforceable. There being no factual dispute in this regard, the trial court properly entered summary judgment in favor of appellee. See *Frank Woods Constr. Co. v. Randi*, 177 Ga. App. 438 (1) (339 SE2d 406) (1986); *D & T Glass v. Barrow Enterprises*, 172 Ga. App. 797 (325 SE2d 170) (1984); *Statham Mach. &c. Co. v. Howard Constr. Co.*, 160 Ga. App. 466 (287 SE2d 249) (1981); see also 57 CJS, Mechanics' Liens, § 167.

*Judgment affirmed. Birdsong, C. J. and Deen, P. J., concur.*

DECIDED OCTOBER 23, 1987 —
REHEARING DENIED NOVEMBER 4, 1987 —

*Michael J. Kramer*, for appellant.
*Robert K. Picker, Jr.*, for appellee.