A89A1455, A89A1456. BEALL v. F. H. H. CONSTRUCTION, INC.; and vice versa.
(388 SE2d 342)

CARLEY, Chief Judge.

Pursuant to an oral contract, F. H. H. Construction, Inc. (FHHCI) agreed to construct a building on property owned by Charles P. Beall. Before completion of the building, however, Beall terminated the contract and ceased to make payments to FHHCI. FHHCI filed a materialman's lien against Beall's property.

Subsequently, Beall filed suit against FHHCI, seeking to recover alleged overpayments, damages for slander of title, and the removal of the lien on his property. FHHCI counterclaimed, seeking damages for breach of contract, attorney's fees for bad faith, and foreclosure of its lien against Beall's property.

The case was tried before a jury. At the close of the evidence, Beall moved for a directed verdict on FHHCI's counterclaim. The trial court granted a directed verdict as to FHHCI's counterclaim for attorney's fees but denied Beall's motion in all other respects. As to Beall's main claim, the jury found in favor of FHHCI. As to FHHCI's counterclaim for breach of contract and lien foreclosure, the jury also found in favor of FHHCI. In Case No. A89A1455, Beall appeals from the judgment entered on the jury's verdict and, in Case No. A89A1456, FHHCI cross-appeals.

*Case No. A89A1455*

1. The denial of Beall's motion for a directed verdict on FHHCI's counterclaim for breach of contract is enumerated as error.

There was a dispute in the evidence as to the terms of the parties' oral contract and their performance thereunder. This dispute was material to Beall's liability for breach of contract and to FHHCI's entitlement to recover damages for any such breach. Accordingly, it was not error to deny Beall's motion for a directed verdict. See *Spoon v. Herndon*, 167 Ga. App. 794, 795 (1) (307 SE2d 693) (1983).

2. Beall urges that the amount of damages that the jury actually awarded on FHHCI's counterclaim for breach of contract is not authorized under the evidence.

Even when the evidence as to damages is construed most favorably for FHHCI, the expenses that FHHCI incurred in performance, plus the profit that it lost as the result of Beall's non-performance, less the payments that were admittedly made by Beall results in a figure that is several thousand dollars *less* than the jury's award. Thus, the verdict that was actually returned by the jury is in *excess* of the recovery that would otherwise be authorized under the most favorable construction of the evidence. Accordingly, the amount of the verdict is not within the range of the relevant evidence and the judgment that was entered on that verdict must be reversed. See *Redman Dev. Corp. v. West*, 127 Ga. App. 265, 267 (3) (193 SE2d 213) (1972), overruled on other grounds, *Crankshaw v. Stanley Homes*, 131 Ga. App. 840 (207 SE2d 241) (1974). Compare *C & S Nat. Bank v. Haskins*, 254 Ga. 131, 136 (2) (327 SE2d 192) (1985).

3. The denial of Beall's motion for a directed verdict on FHHCI's counterclaim for foreclosure of its lien is enumerated as error.

There is no statutory requirement that FHHCI file notice of its in rem foreclosure action against Beall's property. See *Hancor, Inc. v. Fleming Farms*, 155 Ga. App. 579 (271 SE2d 712) (1980). There is, however, a statutory requirement that FHHCI file notice of its in personam action to recover against Beall on the underlying indebtedness. See *Frank Woods Constr. Co. v. Randi*, 177 Ga. App. 438 (1) (339 SE2d 406) (1986). The notice requirement of OCGA § 44-14-361.1 (a) (3) applies "whether the 'recovery of the amount of [the materialman's] claim' be properly brought against the contractor or the owner, whichever one is contractually responsible for the debt. [Cits.]" *Logan Paving Co. v. Liles Constr. Co.*, 141 Ga. App. 81, 83 (3) (232 SE2d 575) (1977).

Thus, FHHCI was not required to file notice of its counterclaim for foreclosure of its lien against Beall's property. FHHCI was, however, required to file notice of its counterclaim against Beall on the underlying indebtedness. It is undisputed that FHHCI did not file the

requisite notice. It follows that the trial court erred in denying Beall's motion for a directed verdict as to FHHCI's counterclaim for foreclosure of its lien against the property. "Filing notice is a prerequisite to enforcement of a lien. [Cits.]" *Frank Woods Constr. Co. v. Randi*, supra at 438 (1).

### Case No. A89A1456

4. The trial court's grant of Beall's motion for a directed verdict on FHHCI's counterclaim for attorney's fees is enumerated as error.

The trial court concluded that FHHCI was not entitled to recovery of attorney's fees because it was not pursuing an "independent claim" against Beall. This was erroneous. FHHCI's counterclaim against Beall for breach of contract was an "independent claim" which would support an award of attorney's fees. "The underlying policy of [OCGA § 13-6-11] barring a defendant from transforming a plaintiff's case into that defendant's damage suit for having been sued in no manner relates to cases wherein the defendant has asserted a viable, independent claim against the plaintiff. A rigid rule preventing any defendant from recovering litigation expenses works particular inequity when a defendant (as [FHHCI] herein) is required by law to file a compulsory counterclaim or be deemed to have waived the claim altogether. It would indeed be paradoxical to require a defendant to assert a given bad faith claim per [OCGA § 9-11-13 (a)] while at the same time withholding from that defendant any possible recovery of litigation expenses per [OCGA § 13-6-11]. . . . [W]hen a defendant asserts a claim for relief independent of a claim for litigation expenses incurred in defending against a plaintiff's case-in-chief, [OCGA § 13-6-11] does not automatically operate to bar any recovery by the defendant of litigation expenses incurred in prosecuting such an independent claim. . . ." *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425, 432 (III A1) (274 SE2d 786) (1980).

"It is clear that [FHHCI] asserted by way of counterclaim a claim for relief 'entirely independent of any simple assertion that [Beall] acted in bad faith in filing the within suit. . . .' [Cit.]" *Spoon v. Herndon*, supra at 796 (2). This is not a "case where the recovery would amount to a successful counterclaim against [Beall] merely for filing suit. [Cit.]" *Ravenwood Church v. Starbright, Inc.*, 168 Ga. App. 870, 873 (2) (310 SE2d 582) (1983). FHHCI "was, in effect, a plaintiff in the independent counterclaim for [Beall's breach of contract], and, therefore, could assert a claim for attorney['s] fees incurred in prosecuting its independent claim. [Cits.]" *Glenn v. Fourteen West Realty*, 169 Ga. App. 549, 551 (2) (313 SE2d 730) (1984). Compare *Mayfield v. Ideal Enterprises*, 157 Ga. App. 266, 268 (2) (277 SE2d 62) (1981) (wherein attorney's fees were not recoverable

because the jury made no award on the defendant's separate counter-claim.)

5. Beall urges that the grant of his motion for a directed verdict was nevertheless correct because the evidence would not authorize FHHCI to recover attorney's fees. However, Beall's contention that FHHCI could not recover attorney's fees simply because the evidence disclosed that "a bona fide controversy existed between the parties is without merit where, as here, attorney['s] fees are sought on the ground that a party has acted in bad faith. [Cit.]" *Formica Corp. v. Rouse*, 176 Ga. App. 548, 549 (3) (336 SE2d 383) (1985). See also *Powell v. Watson*, 190 Ga. App. 375 (378 SE2d 867) (1989). Accordingly, regardless of the existence of a bona fide controversy, if there was any evidence of Beall's bad faith the trial court erred in directing a verdict on FHHCI's claim for attorney's fees.

"Bad faith authorizing an award of attorney['s] fees in a contract action must relate to the conduct of entering the contract or to the transaction and dealings out of which the cause of action arose, which includes not only the negotiations and formulation of the contract but also performance of the contractual provisions. [Cit.]" *Hayes Constr. Co. v. Thompson*, 184 Ga. App. 482, 484 (2) (361 SE2d 865) (1987). Construing the evidence most favorably for FHHCI, Beall was responsible for the delays in construction and the cost overruns. However, when Beall initially terminated the contract based ostensibly upon the delays and cost overruns, he informed FHHCI that he would never pay for the work on the project and that any outstanding debts for the material and labor supplied were FHHCI's and not his problem. This evidence would authorize a finding of something "other than a good-faith belief on the part of [Beall] that [FHHCI] was asking him to pay more than he was contractually obligated to pay." *Mallory v. Daniel Lumber Co., Inc.*, 191 Ga. App. 234, 236 (2) (381 SE2d 406) (1989). "Since there was some evidence to support [FHHCI's] contention on the issue of bad faith, the trial court [erred] in [granting] [Beall's] motion for directed verdict on the issue of attorney['s] fees. [Cit.]" *St. Holmes v. St. Holmes*, 169 Ga. App. 283, 285 (2) (312 SE2d 370) (1983) (wherein attorney's fees for bad faith were authorized by evidence that the defendant had refused to pay a debt simply because the plaintiff "didn't deserve it").

*Judgment reversed in Case No. A89A1455. Judgment reversed in Case No. A89A1456. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989 —
REHEARING DENIED NOVEMBER 15, 1989.

*Waln, Carmichael & Miningham, Wayne F. Carmichael, Neely & Player, Michael R. Johnson*, for appellant.

*Grizzard, Simons, Martin & Wills, Warren W. Wills, Jr., Dale C. Ray, Jr.,* for appellee.