A90A1903, A90A1904. EUROSTYLE, INC. v. JONES et al.; and vice versa.

(397 SE2d 620)

DEEN, Presiding Judge.

Eurostyle, Inc. d/b/a Walther Eurostyle Furnishings (Eurostyle) contracted with the Joneses to install cabinets in the Joneses' home. When the Joneses refused to pay in full because of alleged defects in the cabinets, Eurostyle filed a lien against the Joneses' property on November 14, 1988. On August 14, 1989, Eurostyle commenced an action to enforce the lien; Eurostyle, however, did not file any notice of commencement of suit. The Joneses counterclaimed, seeking damages for slander of title.

The trial court found that Eurostyle's lien was rendered unenforceable by its failure to file a notice of commencement of suit at the time it commenced the action. The trial court, however, granted summary judgment for Eurostyle on the Joneses' slander of title claim. In Case No. A90A1903, Eurostyle appeals from the trial court's dissolution of the lien, and in Case No. A90A1904, the Joneses appeal from the trial court's grant of partial summary judgment for Eurostyle on the slander of title claim. *Held*:

1. OCGA § 44-14-361.1 (a) (3) provides "[t]he commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due. In addition, at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county where the subject lien was filed." Filing of the notice of commencement of the action is a prerequisite to the enforceability of the lien. *Statham Machinery &c. Co. v. Howard Constr. Co.*, 160 Ga. App. 466 (287 SE2d 249) (1981); *D & T Glass v. Barrow Enterprises*, 172 Ga. App. 797 (325 SE2d 170) (1984). It was undisputed that Eurostyle did not file such a notice, and the trial court properly found the mechanic's lien unenforceable.

2. The trial court granted summary judgment for Eurostyle on the Joneses' claim for slander of title, on the grounds that Eurostyle's filing of the lien and action to enforce the lien were privileged under OCGA § 51-5-8. We agree with that determination.

*Judgments affirmed. Pope and Beasley, JJ., concur specially.*

POPE, Judge, concurring specially.

I concur in the majority opinion and in the result. However, I must clarify that the language in the materialman's lien statute used to support Eurostyle's argument that no notice need be filed in superior court if the action is also filed in superior court was removed by the amendment to the statute put into effect in 1983. See Ga. L. 1983, pp. 1450, 1453. Before 1983, the pertinent language required com-

mencement of an action to recover the amount of the claim within 12 months of the date the amount was due and " 'if the action is not filed in the superior court of the county in which the claim of lien was filed, then also within such 12 months' period, the party claiming the lien shall file under oath with the clerk of the superior court of the county wherein the subject lien was filed a notice. . . .' " *Statham Machinery &c. Co. v. Howard Constr. Co.*, 160 Ga. App. 466, 467 (287 SE2d 249) (1981). However, the statute was amended to read as it is set out in the majority opinion. The statute now requires that notice be filed in *every* case. The materialman's lien statute is in derogation of the common law; it must be complied with strictly. *Allied Elec. Contractors v. Kern & Co.*, 184 Ga. App. 747 (362 SE2d 452) (1987).

I am authorized to state that Judge Beasley joins in this special concurrence.

DECIDED OCTOBER 5, 1990.

*George P. Graves*, for appellant.
*David R. Rogers*, for appellees.