In re HARBOR CLUB, L.P., Debtor.

John W. RAGSDALE, Jr., as Trustee
for the Estate of Harbor Club,
L.P., Plaintiff,

v.

Robert CHIU, Lynn Chiu, and Atlantic
Utilities Contractors, Inc. d/b/a
A.U.C., Inc., Defendants.

Bankruptcy No. A92–71211–REB.
Adv. No. 94–6489.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 8, 1995.

William Russell Patterson, Jr., Ragsdale, Beals, Hooper & Seigler, Atlanta, GA, for Plaintiff.

J. Michael Lamberth, Lamberth, Bonapfel, Cifelli, Willson & Stokes, P.A., Atlanta, GA, for defendants Robert Chiu and Lynn Chiu.

Rosemary Armstrong, Broadbear & Salter, Atlanta, GA, for defendant Atlantic Utilities Contractors, Inc.

## ORDER GRANTING PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT AGAINST ATLANTIC UTILITIES CONTRACTORS, INC.

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is Plaintiff–Trustee's motion for summary judgment against Defen-

dant Atlantic Utilities Contractors, Inc. pursuant to Fed.R.Civ.P. 56, adopted by reference herein through Fed.R.Bankr.P. 7056. In his complaint, Plaintiff seeks, among other things, a determination of the validity of Defendant's lien against certain proceeds held by Plaintiff and against certain property as described in a warranty deed attached thereto as Exhibit "A." This is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Upon consideration of the motion and the record, and the arguments of counsel in their briefs, the Court concludes that Plaintiff's motion should be granted.

The undisputed material facts as stipulated by the parties are as follows. Sometime before September 16, 1991, Defendant and Debtor entered into a contract by which Defendant agreed to construct certain improvements upon real property owned by Debtor. Defendant filed a claim of lien against Debtor's property on August 1, 1991, which was recorded in Deed Book 209, Page 74, in the clerk's office of the Superior Court of Greene County, Georgia. On September 16, 1991, he filed a supplement thereto as recorded in Deed Book 211, Page 346, and also filed suit against Debtor in the Superior Court of Greene County to collect monies owed under the aforesaid contract and to foreclose its lien against Debtor's property. No notice of suit, however, as described in O.C.G.A. § 44–14–361.1(a)(3) (Michie Supp.1994), was ever filed. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 6, 1992.

The present dispute centers on a question of statutory construction. Specifically, the issue presented is whether the notice of suit prescribed by Section 44–14–361.1(a)(3) applies to recovery suits brought directly against a property owner. Plaintiff argues that Defendant's admitted failure to file a notice of commencement of its suit against the Debtor, who was the party contractually responsible for the debt, is fatal to Defendant's claim of lien. In response, Defendant counters that, under the language of the statute as construed by both the Georgia Supreme Court and Georgia Court of Appeals, when a contractor sues a property owner for the recovery of monies owed and for foreclosure of his lien, he is not further required to file notice of such suit to perfect his claim. Plaintiff asserts that Defendant urges a flawed interpretation of the above-referenced statutory provision because the requirement of a notice of suit is dependent upon whether the suit in question seeks to establish liability against the party with whom the lienholder contracted, and not upon the identity of the defendant as contractor or as property owner.

■ Pursuant to Georgia statute, an inchoate lien arises in connection with the performance of labor or services or the provision of materials for the improvement of real property. See O.C.G.A. § 44–14–361(a)(2). This lien, however, is not "perfected" or enforceable unless the lien claimant also follows the requirements set forth in Section 44–14–361.1(a). Upon failure to satisfy any of these requirements, the claimant's lien "shall not be effective or enforceable...." O.C.G.A. § 44–14–361.1(a). In addition to substantially complying with the terms of his contract and recording a claim of lien (Section 44–14–361.1(a)(1) and (2)), the lien claimant faces two additional requirements, to wit:

The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due. In addition, within 14 days after filing such action, the party claiming the lien shall file a notice [of same] with the clerk of the superior court of the county wherein the subject lien was filed.

O.C.G.A. § 44–14–361.1(a)(3).[1] Once these prerequisites are satisfied and the claimant obtains a judgment on his debt in the recovery suit, he may then bring suit to foreclose his lien against the property owner.

Relying upon *Adair Mortgage Co. v. Allied Concrete Enterprises, Inc.*, 144 Ga.App. 354,

---

1. Further, in certain circumstances, a lien claimant, contracting directly with a contractor, is excused from filing an antecedent recovery action against said contractor as a prerequisite to enforcing his lien against the property. For example, when the contractor has absconded or died or has filed a bankruptcy petition, the claimant may bring suit directly against the landowner. The aforesaid 12 month time limitation and 14 day notice provision, however, still apply. See O.C.G.A. § 44–14–361.1(a)(4).

241 S.E.2d 267 (1977), *aff'd,* 241 Ga. 121, 243 S.E.2d 888 (1978), Defendant argues that the timing and notice requirements referenced in the above-quoted provision apply only to suits brought by a lien claimant against a contractor. Thus, because this suit was commenced directly against Debtor as a property owner, Defendant maintains that it was not subject to said requirements. Defendant attempts to support this statutory construction through an observation made by the Georgia Court of Appeals in *Hancor, Inc. v. Fleming Farms, Inc.,* 155 Ga.App. 579, 580, 271 S.E.2d 712 (1980). In *Hancor,* the court noted that based on the holding in *Adair, supra,* the provision of former Ga.Code Ann. § 67–2002(3) (currently set forth in O.C.G.A. § 44–14–361.1(a)(3)), which sets forth the 12 month time limitation for commencing certain actions,

> applies only to actions brought against contractors and not to actions against the owner of real estate. Perforce, the notice required to be filed in regard to the commencement of such action is notice of the commencement of suit against the contractor, not the landowner.

*Hancor, supra,* 155 Ga.App. at 580, 271 S.E.2d 712. Therefore, the enforceability of its lien, Defendant contends, is in no way affected by its failure to file a notice of suit.

Further, Defendant argues that the Debtor already had actual notice of Defendant's intention to pursue his claim and foreclose his lien by virtue of the recovery suit filed against the Debtor. To require compliance with the above-stated 14 day notice requirement under the facts in this case would be tantamount to insisting on a superfluous notice. Such a result, Defendant contends, could not have been intended by the legislature in the enactment of this statutory provision.

Based upon a review of the statutory language and relevant case law, for the following reasons, the Court agrees with Plaintiff and concludes that the statutory construction of Section 44–14–361.1(a)(3) as suggested by Defendant is unduly narrow. All recovery suits, including those against a property owner, are subject to the requirements set forth in this subsection because application of its provisions is dependent upon whether the defendant is the one primarily or contractually liable for the alleged debt, not upon whether the defendant is a contractor.

■ As previously mentioned, Defendant argues that *Adair* and *Hancor, supra,* compel a different result, but this conclusion is erroneous as demonstrated by further examination of Section 44–14–361.1. A property owner is not legally obligated to pay a claim for labor or materials until liability is established against the contractually responsible party. As discussed hereinabove, in addition to recording his lien claim, a lien claimant must sue to enforce and recover his claim within 12 months from the date when the debt becomes due, and he must also file notice of such suit in the county where the underlying real property is located. O.C.G.A. § 44–14–361.1(a)(1)–(3). As explained in *Opportunities Industrialization Center of Atlanta, Inc. v. T & B–Scottdale Contractors, Inc. (In re Opportunities Industrialization Center of Atlanta, Inc.),* 26 B.R. 394, 396 (Bankr.N.D.Ga.1983), the purpose of Ga.Code Ann. § 67–2002(3) (currently set forth in O.C.G.A. § 44–14–361.1(a)(3)) is to provide notice that a materialman has filed suit to perfect his inchoate statutory lien and that he intends to enforce it. A lien must be timely perfected in this manner whether or not there is an intermediate contracting party between the lien claimant and the property owner. Once liability is established against the primarily responsible party, the claimant may seek to foreclose his lien against the owner.

Thus, on the one hand, if the party contractually obligated to the materialman or claimant is a contractor, the materialman cannot foreclose his lien against the property owner unless he either previously or concurrently brings suit against the contractor to enforce his claim. The 12 month time limitation, in which actions against contractors must be commenced, does not limit actions against the property owner, unless an action is not required to be filed against the contractor for the reasons previously noted. If such grounds exist, the antecedent recovery suit against the contractor may be bypassed and brought directly against the owner. *See*

O.C.G.A. § 44–14–361.1(a)(4); *accord Adair, supra,* 144 Ga.App. at 357–59, 241 S.E.2d 267. Additionally, if a claimant contracts directly with the landowner and furnishes labor, material, or services pursuant to such contract, and there is no intermediary, the claimant must file suit against the landowner both to establish liability and to foreclose his lien. The 14 day notice of this suit must still be timely and properly filed in accordance with Section 44–14–361.1(a)(3) or the lien is rendered invalid. *See T & B Scottdale, supra,* 26 B.R. at 396; *see also Eurostyle, Inc. v. Jones,* 197 Ga.App. 188, 397 S.E.2d 620 (1990).

With this conceptual framework in mind, the meaning of the language quoted by Defendant referring to "actions brought against contractors" becomes evident. *Hancor, supra,* 155 Ga.App. at 580, 271 S.E.2d 712. Because both *Hancor* and *Adair, supra,* arise in a factual context in which the claimant had contracted with a contractor, the lien claimant was, therefore, required to bring two suits, to wit: one to establish liability against the contractor and one to foreclose the lien against the property owner. In emphasizing the distinction between the two different suits that need be filed, it is clear that these holdings were made in reference to the subsequent suit to foreclose against the property owner as opposed to the antecedent suit to establish liability.

In *Adair, supra,* for example, the court was simply rejecting, a landowner's assertion that a lien claimant was required to bring suit to foreclose his lien within the same 12 month period that governed the claimant's antecedent suit against the contractor. *Adair, supra,* 241 Ga. 121, 243 S.E.2d 888; *see also Adair, supra,* 144 Ga.App. at 357–59, 241 S.E.2d 267. Similarly, in *Hancor, supra,* the court merely held, following the rationale in *Adair* regarding the 12 month time limitation, that the notice required by the statute referred to notice of the claimant's suit against the contractor and not his action against the property owner. Because the only notice filed by the claimant in that case related to the suit to foreclose upon the lien, it was insufficient and, thus, the claimant's

lien was unenforceable. *Hancor, supra,* 155 Ga.App. at 580, 271 S.E.2d 712.

Both of these decisions logically concluded that the aforesaid statutory time limitations and notice requirements applied only to the suit to establish the claim. Otherwise, lien claimants would face the predicament of having to file suit, obtain a judgment, and then file a foreclosure suit all within the same 12 month period. *Adair, supra,* 144 Ga.App. at 358–59, 241 S.E.2d 267. Further, Defendant's criticism of *Eurostyle, supra,* 197 Ga. App. 188, 397 S.E.2d 620, as not properly addressing precedent such as *Adair* and *Hancor, supra,* is without merit. *Eurostyle* and the decisions it cites as support, *D & T Glass, Inc. v. Barrow Enterprises,* 172 Ga. App. 797, 325 S.E.2d 170 (1984) and *Statham Machinery & Equipment Co. v. Howard Construction Co.,* 160 Ga.App. 466, 467, 287 S.E.2d 249 (1981), construe *Hancor, supra,* as recognizing that, although the statutory notice provision does not apply to a foreclosure suit, it does apply to a suit to collect a debt against the party who is primarily responsible. *Eurostyle, supra,* 197 Ga.App. 188, 397 S.E.2d 620; *see also Dodson v. Earley,* 161 Ga.App. 666, 290 S.E.2d 105 (1982), citing *Adair, supra,* 241 Ga. 121, 243 S.E.2d 888.

In sum, the following observations are noted: first, there is no statutory requirement that a claimant file notice of its foreclosure action against a property owner; second, notice is required with respect to an action to recover on the underlying indebtedness against the contractually responsible party; and third, said notice requirement is mandated whether the suit is brought against the contractor or the owner. *See Beall v. F.H.H. Construction, Inc.,* 193 Ga.App. 544, 545, 388 S.E.2d 342 (1989), citing, among others, *Hancor, supra,* 155 Ga.App. 579, 271 S.E.2d 712; and quoting *Logan Paving Co. v. Liles Construction Co.,* 141 Ga.App. 81, 83, 232 S.E.2d 575 (1977); *see also Jordan Co. v. Adkins,* 105 Ga.App. 157, 123 S.E.2d 731 (1961). Simply stated, the 12 month time limitation and 14 day notice requirement, as provided in Section 44–14–361.1(a)(3), are applicable to the suit against the party creating

the debt and not the action to foreclose the lien.

Finally, as previously mentioned, Defendant argues that requiring notice of a suit commenced against a property owner would be superfluous because such an owner already has notice by reason of the filing of a suit to establish the debt. Hence, Defendant maintains, such a notice requirement only makes sense when a subcontractor or other party, not in privity with the owner, is seeking to enforce its lien by suing a general contractor. This Court believes that such reasoning is incorrect because the purpose of this provision is directed toward providing notice to interested third parties rather than property owners. *See Amafra Enterprises, Inc. v. All–Steel Buildings, Inc.,* 169 Ga.App. 388, 313 S.E.2d 110 (1984).

The Court observes that part of the confusion herein may lie in the fact that Section 44–14–361.1(a)(3) now requires the filing of a notice of suit regardless of whether the claim recovery action is commenced in the same county or in a county different from that in which the claim of lien was originally recorded. As formerly drafted, the statute required the filing of a notice of the recovery suit, whether brought against the contractor or property owner, only if the suit was commenced in a county different from that in which the property was located and the lien was filed, the obvious intent being to give warning to third parties. In any event, in its current form as enacted by the Georgia legislature, the statute now requires a notice of the recovery suit regardless of the location of the parties and the property. *See generally Eurostyle, supra,* 197 Ga.App. 188–89, 397 S.E.2d 620 (Pope, J., concurring).

Based upon the above reasoning, the Court concludes that in order to assert a valid lien, Defendant was required to file notice of his suit against the Debtor in accordance with O.C.G.A. § 44–14–361.1(a)(3). Defendant having stipulated that said notice was not filed, the Court further concludes that because Defendant has failed to follow the mandatory procedure as set forth under state law, his lien is unenforceable and Plaintiff has thus established that he is entitled to a judgment as a matter of law. Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment is **granted** and Defendant's lien as filed in the real property records of the Superior Court of Greene County, Georgia, as referenced hereinabove, is determined to be invalid.

A separate written judgment will issue.

**IT IS SO ORDERED.**