# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

# MARCH TERM, 1910.

---

### BALDWIN, guardian, v. SHIELDS.

There can be no valid judgment of foreclosure of a materialman's lien for
material furnished to a contractor upon the real estate improved with
such material, in the absence of a valid judgment in favor of the ma-
terialman against the contractor for the price of such material. In a
suit for the foreclosure of such a lien, where no personal judgment is
sought, and the petition fails to allege that the plaintiff has a judgment
against the contractor, and where the contractor is not a party to the
foreclosure suit, it is erroneous to refuse to dismiss the petition on gen-
eral demurrer.

#### MARCH 18, 1910.

Foreclosure of lien. Before Judge Worrill. Terrell superior
court. June 14, 1909.

*H. A. Wilkinson,* for plaintiff in error.

*M. C. Edwards* and *James G. Parks,* contra.

ATKINSON, J. The suit, as amended, was for the foreclosure of
an alleged materialman's lien, to collect the price of certain ma-
terial furnished to a contractor for the improvement of real estate.
As amended, the petition did not seek to recover a personal judg-
ment against either the contractor or the owner of the land. The
contractor was not a party to the suit; nor was it alleged that the
plaintiff had procured a judgment against the contractor. It was
essential to the cause of action that a valid judgment against the
contractor should previously have been obtained, or that he
be proceeded against in the foreclosure suit concurrently with

the owner of the land. *Mauck* v. *Rosser*, 126 *Ga.* 268 (55 S. E. 32). See also *Pike Brothers Lumber Co.* v. *Mitchell*, 132 *Ga.* 675 (64 S. E. 998). As the petition omitted allegations as to these essential matters, it failed to set forth facts which entitled the plaintiff to a judgment of foreclosure, which was the only relief sought. It was, therefore, subject to general demurrer, and the court erred in refusing to dismiss the petition. In the brief of counsel for the defendant in error it was conceded that the contractor was a necessary party, but it was insisted that the point was not raised in the court below. There were several grounds of demurrer, some of them being subdivided into statements of various specific reasons why the petition showed on its face that the plaintiff was not entitled to recover; but there was also a demurrer which, in substance, complained generally that the petition should be dismissed because it failed to set forth a cause of action against the defendant. There was no attempt to set forth any cause of action other than one for a statutory foreclosure of a materialman's lien; and as the allegations were insufficient to state a cause of action of that character, it was open to the general demurrer, and the question upon which the reversal is had could not be disregarded by the trial court on the ground that it was not raised.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*