33628. ATHENS LUMBER COMPANY INC. *v.* BURTON *et al.*

DECIDED JUNE 29, 1951.

250

*Milner & Stephens,* for plaintiff.

*Carlisle Cobb, Vane G. Hawkins,* for defendants.

FELTON, J. The plaintiff's claim of lien was filed on December 24, 1948. The evidence shows without dispute that Mrs. Burton contracted with R. M. Saye to construct a dwelling and a pump house on premises of Mrs. Burton. After the completion of the dwelling Mrs. Burton contracted with Saye to finish an additional room in the dwelling. The dwelling was completed, turned over to and accepted by Mrs. Burton on September 21, 1948. It is the contention of Mrs. Burton that the claim of lien was recorded too late because the original contract had been performed and completed and that the contract for the dwelling could not be the basis of a valid lien by the tacking on of a new contract to finish the additional room. Most of the material for which the lien is claimed was material going into the dwelling. We do not think that this case is controlled by the question whether the contract for an additional room was part of the original contract or was a separate new contract. The uncontradicted evidence shows that, while the dwelling was in fact completed and turned over to Mrs. Burton on September 21, 1948, the first contract had not been completed on that date because the pump house had not at that time been completed, and still has not been completed. The fact that the dwelling was completed and accepted did not render the entire contract completed. So the question is, was the lien recorded within three months of the last item furnished or the completion of the work in contemplation of law? The contractor, R. M. Saye, died on December 4, 1948. Treating his death as a completion of the contract, the lien was recorded in time. Abandonment has been held to be a constructive completion. 36 Am. Jur. 99, § 144. It has been held that lien statutes, being in derogation of common law, must be strictly construed but only insofar as they relate to the classes of persons who may claim a lien and the improvements and kind of property on which a lien may be

obtained. While the identical question has not been decided in this State, the weight of authority is to the effect that as to questions other than class of persons and kind of property, the courts should give the statutes a fair and equitable construction. That such might be done in this State is illustrated by obiter from Judge Bleckley in *Wall v. Rutherford*, 60 *Ga.* 440, when he said that the allegation of a good substitute for completion of a contract by a laborer would be sufficient. For cases holding abandonment equivalent to completion, see annotations in 64 A.L.R. 276, n. 5. We think that the death of the contractor is analogous to abandonment. Reason and equity unite in the conclusion that a materialman or laborer should not be deprived of the lien for reasons beyond his control and in the realm of the statute where a strict construction is not required. However, a more compelling reason why the contract should be regarded as complete at the death of the contractor is the fact that Code § 113-1525 in effect declares that an executory contract of a deceased shall be considered as completed at his death where the personal skill of the deceased enters into the consideration of the contract, as in this case. Since the owner did not procure from the contractor the affidavit provided by law to immunize her property from the lien, her property was subject to the lien recorded within three months from the death of the contractor, in the absence of actual completion of the first contract, or its equivalent, before the contractor's death. The evidence demanded a verdict finding a lien on Mrs. Burton's property in the full amount of the claim against the contractor and the court erred in overruling the motion for a new trial. It is not necessary to pass on the other questions raised.

*Judgment reversed. Worrill, J., concurs, Sutton, C. J., concurs in the judgment.*