## 33472. MELTON v. PACIFIC SOUTHERN MORTGAGE TRUST et al.

HILL, Justice.

In 1973, plaintiff Melton contracted with National Community Builders, Inc. (NCB), a California construction and land development corporation, to furnish labor and materials to NCB to improve certain property in Fulton County owned and being improved by NCB. When NCB ceased work on its property, Melton placed a materialman's lien on it in February of 1974, in the amount of $32,407.61. Unbeknownst to Melton, on March 1, 1974, NCB transferred the property to another California corporation, U. S. Guaranty Capitol Corporation. U. S. Guaranty and NCB then each filed Chapter XI bankruptcy proceedings in the U. S. District Court for the Southern District of California, on August 2, 1974, and September 24, 1974, respectively.

Melton filed a claim in the NCB bankruptcy in December, 1974; because he was not notified that this claim had been received, he filed a duplicate claim in January, 1975. The first claim was disallowed as duplicative; the second was allowed as an unsecured claim, the property subject to the lien having been

transferred to U. S. Guaranty. Subsequently, in the U. S. Guaranty bankruptcy, the court authorized the transfer of the property from U. S. Guaranty to Pacific Southern Mortgage Trust on May 9, 1975. Since Melton's lien was recorded, Pacific Southern had at least constructive notice of the recording when it acquired the property. On June 22, 1976, Melton filed this action seeking a personal judgment against Pacific Southern as owner of the property and seeking to foreclose the lien against the property. The trial court granted a motion to dismiss or in the alternative for summary judgment on the ground that the complaint was not timely filed. The Court of Appeals affirmed.

Melton takes no issue in this appeal with the Court of Appeals' affirmance of the trial court's determination that the attempt to secure an in personam judgment against Pacific Southern was improper. *Bennett Iron Works, Inc. v. Underground Atlanta, Inc.,* 130 Ga. App. 653 (3) (204 SE2d 331) (1974). The sole issue, then, is whether Melton has perfected his lien in compliance with Code Ann. § 67-2002 (3).[1] We treat NCB as the contractor; i.e., as the person with whom the materialman contracted, as well as the one-time owner of the property in question.

Since its appearance in the Code of 1863, § 1975 (3), the section now denominated Code Ann. § 67-2002 (3) has required as a prerequisite to foreclosure of a materialman's lien "The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due." This provision has been construed to require not only that the materialman commence a timely action against the contractor but that he also thereafter obtain a judgment against the contractor; this is to be done before proceeding against the property (*Baldwin v. Shields,* 134 Ga. 221 (67 SE 798) (1910)), except in those situations where the contractor and the owner can be sued jointly in the original suit. Id.; *Royal v. McPhail,* 97 Ga. 457 (4) (25 SE

---

[1] There is no dispute in this appeal as to Melton's compliance with § 67-2002 (1) (2); i.e., as to Melton's substantial compliance with the contract and having timely filed for record his claim of lien.

512) (1895).

Prior to the 1941 amendment to Code Ann. § 67-2002 (3), if the contractor was adjudicated a bankrupt before the materialman had obtained a judgment against him, the materialman's lien was defeated for lack of the requisite judgment against the contractor. *Pike Bros. Lumber Co. v. Mitchell,* 132 Ga. 675 (64 SE 998) (1909). In 1941, the legislature provided that, where the bankruptcy of the contractor intervened, the materialman was relieved of the necessity of obtaining a judgment. Ga. L. 1941, pp. 345, 346-7. This amendment did not, however, relieve the materialman of the necessity of filing suit ("commencement of an action") against the contractor. *Victory Lumber Co. v. Ellison,* 95 Ga. App. 105, 107 (97 SE2d 334) (1957). In 1960, Code Ann. § 67-2002 (3) was again amended. Ga. L. 1960, p. 103. The Court of Appeals in *Taylor v. Mateer & Co., Inc.,* 117 Ga. App. 565 (161 SE2d 394) (1968), interpreted this amendment to eliminate the requirement enunciated in *Victory Lumber Co.,* supra, that the materialman file suit against the bankrupt *before* his adjudication in bankruptcy. Finally, in 1968 Code Ann. § 67-2002 (3) was amended so as to eliminate altogether the necessity of filing suit against a bankrupt contractor and to require that, where by reason of his bankruptcy no action was commenced against the contractor,[2] the foreclosure of the lien against the property must itself commence within 12 months from the time the debt became due. Ga. L. 1968, pp. 317, 318-319.

This history of Code Ann. § 67-2002 (3) evinces a legislative intent to avoid the harsh result of a materialman being deprived of his lien through no fault of his own by virtue of the bankruptcy of the contractor. Now we are presented with the argument that this legislative solution was intended to be exclusive; that is, that where the contractor is adjudicated a bankrupt within the 12 month period following the date that the claim became

---

[2] There are other statutory exceptions, in addition to bankruptcy, to the usual requirement of commencement of an action against the contractor, but those are not dealt with here because they are not in issue.

due, the materialman is relegated to foreclosure against the property in an action against the owner commenced within the twelve months. We cannot agree; it strains logic to presume that by creating a new solution to the dilemma a materialman is placed in by the bankruptcy of a contractor, i. e., by allowing the materialman to bypass the requirement of commencing an action against the contractor when such an action is not feasible and to proceed directly to foreclosure of the lien, the legislature intended to deprive the materialman of the right to proceed under the basic statutory provision to perfect his lien by commencing an action against the contractor within twelve months.

The issue, then, is whether Melton "commenced an action" within the meaning of Code Ann. § 67-2002 (3) when he filed his claim in the NCB bankruptcy. We find that he did. As the Court of Appeals noted in *Brewer v. Chapman,* 94 Ga. App. 92, 94 (93 SE2d 814) (1956), quoting American Coal Burner Co. v. Merritt, 129 F2d 314, 315 (1942), "It has been held in a number of cases that where a lien claim is asserted in bankruptcy proceedings under state statutes which provide that the lien is not preserved unless positive action to enforce it has been commenced in the state court within a definite period, it is not necessary for the claimant to file action in the state court if the lien is asserted in the bankruptcy court within the statutory time. . . This holding is made upon the theory that the assertion of the claim in the bankruptcy court within the period requisite under the state statute is the equivalent of filing other proceedings for enforcement." See 4 Collier on Bankruptcy (14th Ed.), pp. 357-359, § 67.26. By permitting the materialman to proceed against the contractor even though the contractor is in bankruptcy, this rule inures to the benefit of the owner in that whatever the materialman recovers from the contractor will correspondingly reduce the liability of the owner.[3]

---

[3] Melton's attorney stated at oral argument of this appeal that his client had received several thousand dollars as an unsecured creditor in the NCB bankruptcy.

We are aware of the rule that materialmen's liens are to be strictly construed against the lienholder. But as noted in *Athens Lumber Co. v. Burton,* 84 Ga. App. 249, 250 (66 SE2d 124) (1951), this rule of construction is properly addressed to the classes of persons who may claim a lien, and the improvements and property on which a lien may be obtained. "Reason and equity unite in the conclusion that a materialman or laborer should not be deprived of the lien for reasons beyond his control and in the realm of the statute where a strict construction is not required." Id. at 251. The construction of Code Ann. § 67-2002 (3) as providing alternative methods by which a materialman may perfect and enforce his lien despite the bankruptcy of the contractor is consonant with this rule. We therefore hold that the filing by a materialman of a claim in the contractor's bankruptcy proceeding within 12 months from the time the amount became due satisfies the requirement of Code Ann. § 67-2002 (3) of commencement of an action for the recovery of the amount of the claim of lien.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 8, 1978 — DECIDED JUNE 28, 1978 — REHEARING DENIED JULY 20, 1978.

*Fred W. Minter,* for appellant.
*John A. Howard, David K. Whatley,* for appellees.