RDC, Inc., a Delaware Corporation Doing Business in North Carolina v. BROOKLEIGH BUILDERS, INC., by W. Joseph Burns, Trustee in Bankruptcy, STAFFORD R. PEEBLES, Jr., Trustee for Carlisle B. McKenzie and wife, Louise J. McKenzie; CARLISLE B. McKENZIE and wife, LOUISE J. McKENZIE; STAFFORD R. PEEBLES, Jr., Trustee for Martin Septic Tank Service; MARTIN SEPTIC TANK SERVICE; WAYNE C. SHUGART, Trustee for Smith-Phillips Lumber Company; SMITH-PHILLIPS LUMBER COMPANY; FOSTER & HAILEY, INC.; PFAFF'S, INC.; NEW WORLD, INC.; and OLDTOWN CARPET CENTER

No. 64PA83

(Filed 9 August 1983)

**Laborers' and Materialmen's Liens § 8— enforcement of lien—filing in bankruptcy court sufficient**

By filing its claim of lien in the bankruptcy proceeding within 180 days after last providing labor or materials on the property, a company satisfied the requirement of G.S. 44A-13(a) that the action for enforcement of a lien be commenced within the 180-day period.

ON discretionary review of the decision of the Court of Appeals, 60 N.C. App. 375, 299 S.E. 2d 448 (1983), reversing judgment entered by *Freeman, J.*, at the 30 November 1981 Special Session of Superior Court, FORSYTH County. Heard in the Supreme Court 11 May 1983.

*House, Blanco & Osborn, P.A., by Reginald F. Combs, for respondent appellant.*

*Peebles, Hedgpeth, Schramm & Crumpler, by Joseph C. Hedgpeth and John J. Schramm, Jr., for respondent appellees.*

MARTIN, Justice.

RDC, Inc. commenced this special proceeding pursuant to N.C.G.S. 45-21.32 to determine the ownership of surplus funds from a foreclosure sale. All parties agreed that RDC, Inc. was entitled to priority of its claim, but a dispute between Foster & Hailey, Inc. ("F&H") and appellees Stafford Peebles, Jr., Trustee, and Mr. and Mrs. Carlisle B. McKenzie arose over the remainder of the funds. F&H claimed under a mechanics' lien and appellees under a deed of trust. Upon the issue raised, the proceeding was transferred to the civil issue docket of superior court, and after a hearing that court held that the lien of F&H had priority over ap-

pellees' deed of trust. The Court of Appeals reversed this ruling, and this Court granted discretionary review.

The basic facts are not contested. Brookleigh Builders, Inc. bought an unimproved parcel of land from RDC, Inc., and gave RDC a purchase money note and deed of trust securing the purchase price. Brookleigh gave another deed of trust to United Savings and Loan Association, and RDC's deed of trust was subordinated to it.

Beginning 6 November 1979, F&H provided labor and materials for construction on the property. Brookleigh gave a third deed of trust for additional funds to appellees. This occurred after F&H began providing labor and materials for the construction. On 22 September 1980, F&H filed its claim of lien as provided by N.C.G.S. 44A-12(b). F&H last provided labor and materials for the construction on 15 July 1980.

On 27 October 1980, Brookleigh filed a voluntary petition in bankruptcy. F&H duly filed a secured proof of claim based upon its lien for $6,217.65 with the bankruptcy court. On 18 February 1981, pursuant to authority of the bankruptcy court, the trustee abandoned the property in controversy. United Savings then foreclosed its deed of trust and deposited the surplus of $16,749.52 with the clerk of superior court. Upon stipulation of all parties, RDC, Inc. has been paid its claim, leaving $6,942.18 with the clerk.

The issue for our determination is whether the filing by F&H of a proof of claim in the bankruptcy proceedings of the owner of the real property constitutes the commencement of an action for the enforcement of its lien within the meaning of N.C.G.S. 44A-13(a). We hold that it does and accordingly reverse the decision of the Court of Appeals.

F&H filed its claim of lien on 22 September 1980, within 120 days after 15 July 1980, the date of the last furnishing of labor or materials. N.C. Gen. Stat. § 44A-12(b) (1976). It filed its proof of claim in the bankruptcy proceedings within 180 days after the last furnishing of labor or materials. N.C. Gen. Stat. § 44A-13(a) (1976). The property owner, Brookleigh, went into bankruptcy 27 October 1980 and the subject property remained vested in the trustee in bankruptcy until 18 February 1981, thirty-seven days

after the expiration of the 180-day period on 12 January 1981 (11 January 1981 being on Sunday).

Where real property against which the lien is asserted is vested by law in a trustee in bankruptcy, the lien shall be enforced in accordance with the orders of the bankruptcy court. N.C. Gen. Stat. § 44A-13(a) (1976). Such is the case here. F&H complied with the orders of the bankruptcy court and filed its proof of claim with that court. 11 U.S.C. § 546(b) (1979). *See generally* 4 *Collier on Bankruptcy* ¶ 67.26 (14th ed. 1978).

Counsel state, and we find no authority to the contrary, that the issue at bar is of first impression in North Carolina. We find the reasoning of the Supreme Court of Georgia on the question to be persuasive. In *Melton v. Pacific Southern Mtg. Trust,* 241 Ga. 589, 247 S.E. 2d 76 (1978), plaintiff furnished labor and materials to National Community Builders, Inc. ("NCB") to improve certain property in Fulton County, Georgia. Melton placed a lien against the property in February 1974. In March of 1974, NCB transferred the property to U.S. Guaranty Corporation. Both NCB and U.S. Guaranty filed bankruptcy proceedings in California. Melton filed a claim in the NCB bankruptcy in January 1975. The bankruptcy court authorized the transfer of the property to defendant Pacific Southern. On 22 June 1976, Melton filed an action to foreclose the lien against the property. The trial court dismissed the action as not being timely filed. The Georgia Supreme Court reversed, holding that Melton had "commenced an action" within the meaning of the Georgia statute when he filed his claim in the bankruptcy proceeding. The holding avoids "the harsh result of a materialman being deprived of his lien through no fault of his own by virtue of the bankruptcy of the contractor." *Id.* at 591, 247 S.E. 2d at 78. *See* E. Urban and J. Miles, Jr., *Mechanics' Liens for the Improvement of Real Property: Recent Developments in Perfection, Enforcement, and Priority,* 12 Wake Forest L. Rev. 283 (1976). Federal cases in accord with *Melton* are *Phillips Const. Co., Inc. v. Limperis,* 579 F. 2d 431 (7th Cir. 1978); *American Coal Burner Co. v. Merritt,* 129 F. 2d 314 (6th Cir. 1942); *Lockhart v. Garden City Bank & Trust Co.,* 116 F. 2d 658 (2d Cir. 1940).

Appellees argue that we should not follow *Melton* and the federal cases, because in the case before us the property was abandoned by the trustee in bankruptcy. As noted above, this occurred *after* the expiration of the 180-day period. F&H could not

thereafter pursue its lien. The 180-day period is not a statute of limitations but an element of the cause of action. It is not tolled by the bankruptcy proceeding. *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390 (1951); 53 Am. Jur. 2d *Mechanics' Liens* § 357 (1970); Urban and Miles, *supra.* Again, the abandonment of the property by the bankruptcy court was beyond the control of F&H. Common sense and equity will not allow F&H to be deprived of its lien for reasons beyond its control. *Melton, supra.*

Appellees also contend that the general rule establishing one form of action requires that a lien be enforced by commencing an action under N.C.G.S. 1A-1, Rule 2. This argument overlooks the familiar rule of construction that a particular statute controls a general one with reference to the same subject matter. *E.g., Food Stores v. Board of Alcoholic Control,* 268 N.C. 624, 151 S.E. 2d 582 (1966). N.C.G.S. 44A-13(a) specifically directs that a lien against property vested in a trustee in bankruptcy "shall be enforced" in accordance with the orders of the bankruptcy court. This provision controls over Rule 2 of the North Carolina Rules of Civil Procedure. Another example familiar to the bar where a specific directive for commencing an action prevails over Rule 2 is the filing of a claim under the Workers' Compensation Act.

We therefore hold that by filing its claim of lien in the bankruptcy proceeding within 180 days after last providing labor or materials on the property, F&H satisfied the requirement of N.C.G.S. 44A-13(a) that the action for enforcement of the lien be commenced within the 180-day period.

The decision of the Court of Appeals is

Reversed.