In re **VILLAGE CENTERS, INC. Debtor.**

**OLYMPIC CONSTRUCTION, INC., Movant,**

v.

**VILLAGE CENTERS, INC., Debtor, Respondent.**

**Bankruptcy No. A–87–05394.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 11, 1987.

Donald E. Loveless, Atlanta, Ga., for movant.

Douglas L. Cronkright, Norton, Pennington, Goetz, Cronkright & Prior, Atlanta, Ga., for respondent.

### ORDER

JOYCE BIHARY, Bankruptcy Judge.

This case is before the Court on a Motion for Relief from the Automatic Stay filed by Olympic Construction, Inc. ("Olympic"). A hearing was held on the motion on October 20, 1987,[1] and the parties submitted briefs to the Court following the hearing.

---

1. No evidence was presented at the hearing, and counsel simply argued their positions to the Court at said hearing. The hearing was held before the Honorable A.D. Kahn, Chief Judge,

The facts, briefly stated, are as follows. In late 1983, the Debtor Village Centers, Inc. ("VCI") entered into a construction agreement as owner with Olympic, as the contractor, to build a condominium project known as the Paces Run Condominium. Olympic filed a claim of lien in the amount of $228,234.73 for materials and labor provided to VCI on November 19, 1985. On December 3, 1985, Fulton Federal Savings & Loan Association ("Fulton Federal") foreclosed on VCI's property and became the owner of the Paces Run Condominiums. On July 10, 1986, within twelve months of the date the amount became due, Olympic filed a lawsuit against VCI in the Superior Court of Fulton County styled *Olympic Construction, Inc. v. Village Centers, Inc.* (hereinafter the "Stayed Lawsuit") Civil Action No. D–33917. VCI filed an answer and counterclaim, and Olympic's motion to lift stay requests that the stay be lifted so it can proceed to obtain a judgment against VCI.

In the meantime, Fulton Federal made demand upon Olympic's bonding company, the American Insurance Company ("American Insurance") and in April, 1987, American Insurance filed a complaint in the United States District Court for the Northern District of Georgia for declaratory judgment against Fulton Federal and VCI, Case No. CAC 87–877A. Olympic is not a party to that action.

On July 13, 1987, VCI filed a petition for relief under Chapter 11 in this Court.

In the briefs filed subsequent to the hearing on the motion to lift the automatic stay, the Debtor advised the Court that in addition to the Stayed Lawsuit and the declaratory judgment action filed by American Insurance in the district court, there is a third lawsuit pending which may relate to the lien claim. This is a case filed by Fulton Federal against Olympic in the Superior Court of Fulton County, Case No. D–32468, in which VCI states that Olympic

United States Bankruptcy Court, Northern District of Georgia, but the case has since been reassigned to the undersigned.

has pled its lien on the real property by counterclaim.

The Debtor opposes Olympic's motion to lift the stay, arguing that the Stayed Lawsuit filed against the Debtor by Olympic is burdensome and duplicative and that the Debtor cannot afford to defend the case. The Debtor also argues that its intervening bankruptcy obviates the necessity that Olympic obtain a judgment against VCI before proceeding against Fulton Federal, the current owner of the property.

Olympic contends that it needs an actual judgment against VCI in order to pursue a judgment *in rem* against the real property now owned by Fulton Federal under O.C.G.A. § 44–14–361.1(a)(4). Olympic claims that it needs an actual judgment, because VCI filed for bankruptcy more than 12 months after the lien claim arose. Olympic appears to agree that if VCI had filed for bankruptcy within 12 months of the filing of the lien claim, Olympic would not need a judgment against VCI in order to pursue the owner, but it argues that it is precluded by Georgia law from bringing an action against Fulton Federal without obtaining a judgment first against VCI.

Finally, Olympic admits that it does not seek to and it could not recover on any judgment against VCI, and that it seeks this judgment solely in order to satisfy a requirement it says it has under § 44–14–361.1(a)(4) O.C.G.A.

The issue here is whether Olympic needs a judgment against the Debtor VCI in the Stayed Lawsuit in order to pursue its claim against Fulton Federal or whether the filing of the Chapter 11 by VCI relieves Olympic from the requirement of pursuing a judgment against the Debtor before pursuing an *in rem* claim against Fulton Federal.

O.C.G.A. § 44–14–361.1 sets forth how a lien is declared and created. Subsection (a)(3) of that section requires, *inter alia,* the commencement of an action for the recovery of the amount of the claim within 12 months from the time the monies became due.

However, O.C.G.A. § 44–14–361.1(a)(4) provides, in pertinent part, as follows:

In the event any contractor or subcontractor procuring material ... labor, or supplies for the building, repairing or improving of any real estate, building, or other structure ... shall be adjudicated a bankrupt, or if, after the filing of an action, no final judgment can be obtained against him for the value of such material, services, labor, or supplies because of his death or adjudication in bankruptcy, then and in any of these events, the person or persons furnishing material, services, labor, and supplies shall be relieved of the necessity of filing an action or obtaining judgment against the contractor or subcontractor as a prerequisite to enforcing a lien against the property improved by the contractor or subcontractor. Subject to Code Section 44–14–361, the person or persons furnishing material, services, labor and supplies may enforce the lien directly against the property so improved in an action against the owner thereof, if filed within 12 months from the time the lien becomes due, with the judgment rendered in any such proceeding to be limited to a judgment in rem against the property improved and to impose no personal liability upon the owner of the property; provided, however, that in such action for recovery, the owner of the real estate improved, who has paid the agreed price or any part of same, may set up the payment in any action brought and proven by competent and relevant evidence that the payments were applied as provided by law, and no judgment shall be rendered against the property improved.

O.C.G.A. § 44–14–361.1(a)(4).

Olympic argued at the hearing that the words "adjudication in bankruptcy" as used in O.C.G.A. § 44–14–361.1(a)(4) applied to Chapter 7 cases, but not to Chapter 11 cases. Olympic presented no authority for this contention and the Court was unable to find any such authority or basis for making this distinction. In *Reid v. Harbin Lumber Company,* 172 Ga.App. 615, 323 S.E.2d 845 (1984), the Georgia Court of Appeals held that an "order for relief" in the Bankruptcy Code has the same far-

reaching effect as an "adjudication"; that the term "order for relief" in the Bankruptcy Code in lieu of the word "adjudication" does not change the rights of the parties; and that even when the party to whom the materials were supplied does not receive a discharge in bankruptcy, he is still adjudicated a bankrupt, such that the materialman does not need to obtain a judgment against the bankrupt in order to enforce the lien.

■ The Georgia Supreme Court discussed the exceptions in the Georgia mechanics lien statute (formerly Ga.Code Ann. § 67–2002) due to the intervening bankruptcy of the contracting party in the case of *Melton v. Pacific Southern Mortgage Trust et al*, 241 Ga. 589, 247 S.E.2d 76 (1978). The Court noted that the requirement that an action be commenced for the recovery of the amount due within 12 months from the time the amount became due has been construed to require not only that the materialman commence a timely action against the contractor, but that he also thereafter obtain a judgment against the contract. The Court noted, however, that legislative amendments in 1941 relieved the materialman of the necessity of obtaining a judgment where the bankruptcy of the contractor intervened, but did not relieve the materialman of the necessity of filing suit against the contractor. This is precisely the situation in the instant case. Olympic has filed suit against VCI, but is relieved of the necessity of obtaining a judgment due to VCI's intervening bankruptcy.

The Court in *Melton* further stated that in 1968, the Georgia law was amended so as to eliminate the necessity of filing suit against a bankrupt contractor and to require that, where by reason of the bankruptcy no action was commenced against the contractor, then the foreclosure of the lien must itself commence within 12 months from the time the debt became due. The Court found there that the filing by the materialman of a claim in the contractor's bankruptcy proceeding within 12 months from the time the amount became due satisfied the requirement of the statute of commencing an action for the recovery of the amount of the claim of lien.

■ Thus, there are two exceptions to the requirement of obtaining a judgment against the contracting party before pursuing an *in rem* claim against the true owner when the contracting party has filed an intervening bankruptcy petition. The first exception is when the materialman has properly perfected his claim by filing suit within the required 12 month period before the order for relief has been entered. The second exception is when the order for relief is entered before the lawsuit is filed, if the claimant files a claim in the bankruptcy proceedings. *See Newton Lumber and Supply, Inc. v. Crumbley*, 161 Ga. App. 741, 290 S.E.2d 114 (1982). Here, Olympic has met the first exception, and it does not need to obtain a judgment against VCI before pursuing its *in rem* claim against the owner.

Olympic argues that it must obtain a judgment against VCI, because VCI's intervening bankruptcy was not filed within 12 months from the date the amount became due, but instead was filed some 20 months later. The Georgia statute and the cases constituting that statute do not make any such distinction based on when the intervening bankruptcy is filed. The statute appears to provide that a contractor may file a claim in the bankruptcy proceeding within 12 months *or* he may file a lawsuit for the amount due within 12 months. In either case, the intervening bankruptcy relieves him from having to liquidate the claim or obtain a judgment before suing the owner to enforce the lien. To provide otherwise would work a harsh result not intended by the Georgia mechanics' lien statute.

Accordingly, since the Court finds that Olympic does not need a judgment against VCI to enforce its lien rights against Fulton Federal and since Olympic has admitted that it would not and could not enforce a judgment against VCI, Olympic's motion to lift the automatic stay is denied.