### 45710. NOLAND COMPANY v. FORD MOTOR COMPANY et al.
(369 SE2d 910)

WELTNER, Justice.

Noland Company agreed to furnish materials for improvements to property owned by Ford Motor Company. The general contractor for the project sub-contracted with Huffman-Wolfe for certain improvements, and in turn Huffman-Wolfe sub-contracted with Noland

---

for materials of a value of $13,181.16, which were delivered to the site. In 1984 Huffman-Wolfe, with its debt to Noland unpaid, filed a voluntary petition in bankruptcy. Noland complied with the provisions of OCGA § 44-14-361.1 (a) (2) and (4) in filing a claim of lien in the amount of $11,832.47 against real property owned by Ford and in commencing an action *in rem* to foreclose its lien against the real property of Ford into which Noland's materials had been incorporated. Noland did not immediately file a notice of the commencement of the action in the office of the clerk of the county in which Ford's real property was located, as indicated in OCGA § 44-14-361.1 (a) (3), but did file such a notice sixty-six days later.

OCGA § 14-44-361.1 provides in part:

> To make good the liens specified in paragraphs (1) through (8) of subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective or enforceable.

Ford contends that because Noland did not file the notice required by OCGA § 44-14-361.1 (a) (3) until sixty-six days after the commencement of its action to foreclose, Noland has failed to comply with the code section, and its action should be dismissed. The Court of Appeals agreed, *Ford Motor Co. v. Noland Co.*, 186 Ga. App. 541 (368 SE2d 763) (1988). This court granted certiorari to determine whether a lien claimant who institutes an action under the provisions of OCGA § 44-14-361.1 (a) (4) must comply with the notice provision of OCGA § 44-14-361.1 (a) (3) in order to enforce a lien.

1. OCGA § 44-14-361.1 (a) (3) regulates the institution of an action against a contractor or sub-contractor to recover the amount of a lien claim, and requires that:

> [A]t the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed.

This statute then details the requisite information for the notice.

2. OCGA § 44-14-361.1 (a) (4) regulates the institution of an action *in rem* against real property that has been improved by material furnished by the lien claimant, when the defaulting contractor is a bankrupt. No requirement is set out in this subparagraph for the filing of a notice with the clerk of the superior court in the county where the lien was filed.

3. We do not construe the requirements of OCGA § 44-14-361.1 (a) (3) to impose a requirement of notice when an action is instituted under the provisions of OCGA § 44-14-361.1 (a) (4). OCGA § 44-14-

361.1 (a) (3) states:

> The commencement of an action for the recovery of his claim within 12 months from the time the same shall become due. In addition, at the time of filing *such action*, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed. [Emphasis supplied.]

The language of subparagraph (a) (4) contains no similar requirement of filing notice. As this action was commenced under the provisions of this subparagraph, Noland was not required to file a notice of suit.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

DECIDED JULY 14, 1988 —
RECONSIDERATION DENIED JULY 29, 1988.

*John Tye Ferguson,* for appellant.
*Smith, Currie & Hancock, George A. Smith, S. Gregory Joy,* for appellees.