## A90A1043. GALBREATH v. VONDENKAMP et al.
### (398 SE2d 278)

Cooper, Judge.

Appellant appeals the trial court's grant of summary judgment to appellees. Appellees, owners of real property, had contracted with a contractor for the construction of a residence. Appellant, a material-man, was engaged by the contractor to furnish, and did furnish, labor and materials for heating, air conditioning and electrical wiring on the residence. Appellant completed his work and last furnished labor and materials to the residence on November 15, 1986. When he was not paid by the contractor, appellant filed his claim of lien on December 29, 1986, and filed suit against the contractor on September 9, 1987, with the contractor filing an answer in the suit on or about October 17, 1987. On or about June 8, 1988, appellant received notice that the contractor had filed bankruptcy, and thereafter appellant filed a proof of claim in the bankruptcy proceeding for $3,350, the amount of the debt. Appellant filed this action against appellees pursuant to OCGA § 44-14-361.1 (a) (4) on January 6, 1989, to enforce the lien against the property. The trial court granted appellees' motion for summary judgment on the grounds that appellant had not complied with the requirement to file an action against the property owner within twelve months from the time the debt becomes due. Appellant's primary enumeration of error is that the trial court erred in granting appellees' summary judgment motion. The three other enumerations raised by appellant — that the court erred in applying *Adair Mtg. Co. v. Allied Concrete Enterprises*, 144 Ga. App. 354 (241 SE2d 267) (1977); *Dodson v. Earley*, 161 Ga. App. 666 (290 SE2d 105) (1982), and OCGA § 44-14-361.1 — will be dealt with in our discussion of the primary enumeration.

After giving much consideration to the parties' arguments in this case, we determine that the trial court should not have granted appellees' motion for summary judgment. We find the reasoning advanced in the cases of *In re Village Centers*, 80 BR 574 (N.D. Ga. 1987) and *Melton v. Pacific Southern Mtg. Trust*, 241 Ga. 589 (247 SE2d 76) (1978) to be persuasive in finding that an intervening bankruptcy of a contractor which occurs in a properly filed suit to enforce a lien of a subcontractor does not deprive that subcontractor from enforcing his lien in an in rem action against the owner of the property.

OCGA § 44-14-361.1 (a) (4) provides that if, after a subcontractor files an action against a contractor, no judgment can be obtained against the contractor because of his adjudication in bankruptcy, the subcontractor does not have to obtain a judgment against the contractor as a prerequisite to enforcing his lien but may enforce the lien directly against the property in an action against the owner of the property, if filed within 12 months from the time the lien becomes

due. In *Melton*, supra, a complaint filed against an owner of property was ruled timely even though it was filed beyond 12 months from the time the lien became due, when the subcontractor had filed a claim in the contractor's bankruptcy proceedings within the 12-month period, thereby satisfying the requirement of OCGA § 44-14-361.1 (a) (3) of commencing an action for the recovery of the claim. The court stated that the history of the statute "evinces a legislative intent to avoid the harsh result of a materialman being deprived of his lien through no fault of his own by virtue of the bankruptcy of the contractor." *Melton*, supra at 591. Thus, "[a]n action to enforce the lien against the owner need not be instituted within the 12-month statutory period if a claim has been filed by the materialman in the contractor's bankruptcy proceedings during that time." *Newton Lumber &c. v. Crumbley*, 161 Ga. App. 741, 742 (290 SE2d 114) (1982). Similarly, the bankruptcy court, in *In re Village Centers*, supra, used the *Melton* holding to determine that when the materialman has properly perfected his claim by filing suit within the required time period and the bankruptcy of the contractor then intervenes beyond that time period, the materialman's right to enforce the lien in an action against the property owner is not forfeited even though no judgment has been obtained against the contractor. *Adair* and *Dodson*, supra, did not involve a situation in which the intervening bankruptcy of the contractor prevented a diligent party from proceeding to judgment in a properly filed lawsuit. However, the *Adair* court did not acknowledge that there were needed exceptions to the 12-month limit on filing suit against the property owner and in fact held that when a subcontractor obtains a judgment in a properly filed suit against a contractor, the subcontractor can proceed to enforce his judgment in a suit against the property owner, even though such suit is instituted beyond the 12-month period. Based on the foregoing, we find that the trial court's order granting summary judgment to appellees on the ground that the suit was not timely filed was in error.

Notwithstanding our decision on the timeliness issue, we find no evidence in the record to indicate whether appellant properly filed a notice of suit at the time he filed his action against appellees pursuant to OCGA § 44-14-361.1 (a) (4). Although we reverse the trial court's order granting summary judgment, we also remand for a determination of whether the notice requirement has been satisfied.

*Judgment reversed and case remanded. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 16, 1990.

*Ray C. Smith*, for appellant.

*McCallar & Associates, C. James McCallar, Jr.,* for appellees.