A90A1373. DUNCAN WHOLESALE, INC. v. PALMER et al.
(401 SE2d 291)

CARLEY, Chief Judge.

The relevant facts in this in rem action to foreclose a materialman's lien are as follows: Appellee-defendants Ernest and Gale Palmer entered into an agreement with a contractor for the construction of a house on their property. Appellant-plaintiff furnished the contractor with materials. On May 3, 1988, appellant filed a materialman's lien on appellees' property, alleging that the last date of delivery of materials to the contractor had been on March 11, 1988. Although appellant filed suit on open account against the contractor on January 16, 1989, he did not, in connection therewith, ever file any notice of his action as contemplated by OCGA § 44-14-361.1 (a) (3). Before any judgment could be obtained by appellant, however, the contractor filed for bankruptcy and appellant thereafter filed the instant lien foreclosure action on March 9, 1989. Appellees moved to dismiss because appellant had failed to file the notice of his previous abortive action against the contractor. The trial court granted appellees' motion to dismiss "due to [appellant's] failure to timely comply with the notice requirements of [OCGA §] 44-14-361.1 (a) (3)." Ap-

pellant appeals from this order of dismissal.

OCGA § 44-14-361.1 (a) (4) provides, in relevant part, as follows: "[I]f, after the filing of an action [against the contractor or subcontractor], no final judgment can be obtained against him . . . because of his . . . adjudication in bankruptcy, then . . . the person or persons furnishing material, services, labor, and supplies shall be relieved of the necessity of filing an action or obtaining judgment against the contractor or subcontractor as a prerequisite to enforcing a lien against the property improved by the contractor or subcontractor. . . . [T]he person or persons furnishing material, services, labor, and supplies may enforce the lien directly against the property so improved in an action against the owner thereof, if filed within 12 months from the time the lien becomes due. . . ." Within 12 months from the time that appellant's lien became due, the contractor *was* adjudged bankrupt and this in rem action *was* filed against appellees. Compare *Galbreath v. Vondenkamp*, 197 Ga. App. 284 (398 SE2d 278) (1990). Thus, it is clear that, if appellant's suit against the contractor had *never* been filed, this action *would* constitute a timely and viable means of foreclosing the lien against the real property pursuant to OCGA § 44-14-361.1 (a) (4). Accordingly, the issue to be decided is whether the mere fact that the abortive suit against the contractor was filed without the concomitant required notice under OCGA § 44-14-361.1 (a) (3) extinguishes irrevocably a claim of lien which the statute otherwise specifically provides can be enforced in the very manner that appellant has utilized.

Even though this precise issue may not have been presented under the facts of *Hancor, Inc. v. Fleming Farms*, 155 Ga. App. 579, 580-581 (271 SE2d 712) (1980), this court nevertheless specifically recognized therein that "notice of the filing of a suit against the contractor would *not* be mandatory . . . where[,] after the filing of suit[,] no final judgment can be obtained by reason of his . . . adjudication of bankruptcy. . ." (Emphasis supplied.) See also *Statham Machinery &c. Co. v. Howard Constr. Co.*, 160 Ga. App. 466, 468 (287 SE2d 249) (1981). The instant case does present just such a factual situation and we hold that, under the circumstances here involved, notice of the filing of appellant's suit against the contractor would not be mandatory. Although OCGA § 44-14-361.1 (a) does provide that an effective and enforceable lien must be created and declared in accordance with its provisions, the instant lien was created and declared in full accordance with OCGA § 44-14-361.1 (a) (4) and its effectiveness and enforceability are not, therefore, lost for lack of compliance with the inapplicable provisions of OCGA § 44-14-361.1 (a) (3). See *Noland Co. v. Ford Motor Co.*, 258 Ga. 469 (369 SE2d 910) (1988). It follows that the trial court erred in granting appellees' motion to dismiss.

*D & T Glass v. Barrow Enterprises*, 172 Ga. App. 797 (325 SE2d 170) (1984) and *American Hosp. &c. Corp. v. Starline Mfg. Corp.*, 171 Ga. App. 790, 791 (1) (320 SE2d 857) (1984) are not inconsistent with this holding because they are clearly distinguishable. Neither case involved the bankruptcy of the contractor occurring before a judgment against him could be obtained and both cases were, therefore, decided under the applicable provisions of OCGA § 44-14-361.1 (a) (3) rather than the inapplicable provisions of OCGA § 44-14-361.1 (a) (4). The instant case does involve the bankruptcy of a contractor occurring before a judgment against him could be obtained and it is, therefore, controlled by the applicable provisions of OCGA § 44-14-361.1 (a) (4) rather than the inapplicable provisions of OCGA § 44-14-361.1 (a) (3).

*Judgment reversed. Deen, P. J., Banke, P. J., Birdsong, Sognier, Pope, Beasley and Cooper, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

As my view of the appropriate resolution of the case sub judice differs from that of the majority, I respectfully dissent.

OCGA § 44-14-361.1 (a) provides in part that: "To make good the liens specified in paragraphs (1) through (8) of subsection (a) of Code Section 44-14-361, they must be created and declared in accordance with the following provisions, and *on failure of any of them the lien shall not be effective or enforceable*: . . . (3) The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall become due. In addition, at the time of filing such action, the party claiming the lien shall file a notice with the clerk of the superior court of the county wherein the subject lien was filed . . ." (Emphasis supplied.) Thus, when plaintiff filed the action against Joe Jones, but failed to file, within a reasonable time, the notice of action required by OCGA § 44-14-361.1 (a) (3), the claim of lien was extinguished and rendered unenforceable. *D & T Glass v. Barrow Enterprises*, 172 Ga. App. 797 (325 SE2d 170); *American Hosp. &c. v. Starline Mfg. Corp.*, 171 Ga. App. 790, 791-792 (1) (320 SE2d 857).

Jones subsequently filed for bankruptcy. Under OCGA § 44-14-361.1 (a) (4), this had the effect of relieving plaintiff of the necessity of filing an action or obtaining judgment against Jones as a prerequisite to enforcing a lien against the property. However, the necessity of filing an action should be distinguished from the requirement that, at the time of filing the action, a notice be filed with the clerk of the superior court of the county wherein the subject lien was filed.

There is no suggestion in any statutory language that a contractor's bankruptcy filing would relieve a lienholder, who has in fact filed an action against a contractor under OCGA § 44-14-361.1 (a) (3), of

its duty to also file the required notice in order to avoid extinguishment of the lien. In my view, such a suggestion appears only in *Hancor, Inc. v. Fleming Farms*, 155 Ga. App. 579 (271 SE2d 712), and is expressly identified as dicta, and is unsupported by any citation of authority. Consequently, the position stated in *Hancor* should not be adopted in the case sub judice since it is inconsistent with the general rule that failure to comply with the notice requirement of OCGA § 44-14-361.1 (a) (3) results in extinguishment of the lien. There is no statutory provision for the revival of a materialman's lien once extinguished.

Consequently, I would affirm the trial court.

DECIDED DECEMBER 3, 1990 —
REHEARING DENIED DECEMBER 20, 1990 — 

*Greene & Greene, Barry B. Greene*, for appellant.
*W. Morgan Akin*, for appellees.