## S96A0737. ACUFF v. PROCTOR.
(475 SE2d 616)

FLETCHER, Presiding Justice.

Norma Acuff brought suit against Joseph Proctor to cancel a note and deed to secure debt. Proctor counterclaimed for the balance due on the note and for attorney fees. Following a bench trial, the trial court entered judgment in favor of Proctor. Norma Acuff appeals. Because the note was supported by adequate consideration and Proctor fully performed his part of the bargain, we affirm the judgment for the balance due on the note; however, we reverse the award of attorney's fees because Proctor failed to send the notice required under OCGA § 13-1-11.

The evidence at trial showed that Norma's husband John Acuff agreed with Proctor to purchase, relocate, and renovate homes. Proctor was to provide the capital and John the labor. When the two had invested $60,000 in the house and the house was not completed, Proctor refused to advance additional funds unless John gave him a note and deed to secure debt. John agreed. John instructed Norma to execute a $20,000 promissory note and a deed to secure debt on the Acuffs' home, which was titled in Norma's name only. Norma did so. After receiving the note and deed, Proctor advanced an additional $20,000. John subsequently abandoned the house and Proctor sold it at a loss.

1. A review of the record demonstrates that the trial court's factual findings are not clearly erroneous.

2. Norma contends that the note and deed are unenforceable because Proctor never gave her any money. The record demonstrates that the consideration flowed to Norma's husband with her consent. Pursuant to OCGA § 13-3-42 (d), the fact that Norma did not directly receive the $20,000 does not void the note and deed.

3. Norma also contends that the statute of frauds precludes Proctor's recovery because the note and deed do not refer to the agreement between John and Proctor and does not identify the principal guarantor. Assuming, without deciding, that the contract is one of guaranty and that it does not satisfy OCGA § 13-5-30 (2), full performance is an exception to the statute of frauds pursuant to OCGA § 13-5-31 (2). Because the record demonstrates that Proctor performed his part of the agreement, this contention is without merit.

4. Norma also contends that Proctor's testimony regarding his agreement with John was inadmissible hearsay. The testimony, however, was admissible to explain Proctor's conduct. We note also that

Norma testified as to her understanding of the agreement between her husband and Proctor.

5. Acuff also appeals the denial of her motion for summary judgment. An appellate court, however, will not review the denial of a motion for summary judgment following a trial on the merits.

6. In order for Proctor to recover attorney fees, he must have provided notice to Acuff in accordance with OCGA § 13-1-11 (a) (3). While Proctor's counterclaim did demand attorney fees, it did not give Acuff the statutorily required notice that she could avoid liability for attorney fees by paying the principal and interest under the note within ten days. At trial, Proctor admitted that he failed to give the required notice. Therefore, Proctor failed to meet his burden of alleging and proving compliance with the statute and the judgment for attorney fees was error.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*David T. Blackburn, Ben B. Blackburn,* for appellant.
*John O. Wiggins,* for appellee.