## A99A1144. EGGLESTON v. JOHNSON.
### (524 SE2d 761)

MILLER, Judge.

After agreeing with Dr. William Morton to locate property for Dr. Morton to purchase, Jimmy Johnson, a real estate agent, contacted Raymond Eggleston, also a real estate agent, for assistance. Eggleston showed Johnson and Dr. Morton property located on Lathemtown Road and prepared an offer on Dr. Morton's behalf providing for an even split of commission between Eggleston and Johnson. A counter-offer from the seller halted further negotiations.

Two days later, Eggleston, without informing Johnson, prepared and presented an offer on Dr. Morton's behalf for property located on Gaddis Road. That offer provided for no commission to Johnson. When the Gaddis Road property closed a few months later, Eggleston received a commission of $24,860.

Johnson sued Eggleston, claiming Eggleston had from the onset agreed to share evenly any commission with Johnson. Following a bench trial, the court agreed and awarded Johnson $12,430. Based on evidence of an oral agreement to share the commission, we affirm.

1. Eggleston contends that no evidence supported an award to Johnson. But Johnson testified that he and Eggleston had orally agreed to split any commission arising from a sale to Dr. Morton. Although Eggleston denied that the agreement extended to the Gaddis Road property, the terms of an oral contract are an issue for the

---

[14] Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a).
[15] See *Rushing v. State*, 271 Ga. 102, 105 (2) (515 SE2d 607) (1999).

trier of fact to resolve.[1] Where there is any evidence to sustain the trial court's findings, an appellate court will not disturb them.[2] We construe the evidence to uphold the judgment when resolving discrepancies.[3]

In addition to Johnson's testimony regarding the oral agreement, Johnson also presented evidence that the splitting of commission by real estate agents was a common practice in the area, that Johnson and Eggleston had evenly shared commissions on other real estate transactions, and that less than one week earlier Eggleston had prepared an offer on Dr. Morton's behalf which expressly provided for Johnson to receive half the commission on the Lathemtown property.

Because there is evidence supporting the trial court's finding, this court will not set it aside.[4] We affirm the trial court's award to Johnson.

2. Eggleston contends that the trial court erred in determining that Johnson was a procuring cause of the sale and therefore entitled to a share of the commission. Because the trial court based its award on its finding of an oral agreement between Johnson and Eggleston, this enumeration of error is moot.[5]

3. Eggleston also appeals the denial of his motion for summary judgment. "An appellate court, however, will not review the denial of a motion for summary judgment following a trial on the merits."[6]

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 5, 1999.

*McGarity & Moyer, J. Michael McGarity, Howard W. Reese III,* for appellant.
*William E. Whitaker,* for appellee.

---

[1] See *Beall v. F. H. H. Constr.,* 193 Ga. App. 544, 545 (1) (388 SE2d 342) (1989); see also *Spoon v. Herndon,* 167 Ga. App. 794, 795 (1) (307 SE2d 693) (1983).

[2] *Venture Design v. Original Appalachian Artworks,* 197 Ga. App. 432, 434 (1) (398 SE2d 781) (1990).

[3] *Jeff Goolsby Homes Corp. v. Smith,* 168 Ga. App. 218, 219-220 (1) (308 SE2d 564) (1983).

[4] See *Venture Design,* supra, 197 Ga. App. at 434 (1).

[5] See *OTI Shelf v. Schair & Assoc.,* 238 Ga. App. 12, 14 (517 SE2d 542) (1999) (because agent's entitlement to commission was not predicated on his procurement of a buyer, court declined to apply OCGA § 10-6-32's principle, i.e., broker's commission is earned where broker is a procuring cause).

[6] *Acuff v. Proctor,* 267 Ga. 85, 86 (5) (475 SE2d 616) (1996).