## A05A0553. FRANCIS v. BISHOP.
(610 SE2d 545)

PHIPPS, Judge.

Betty Bishop sued Philip Francis in 2002, complaining that he had refused to repay a $20,000 loan she had made to him in 1990. As documentation of the loan, Bishop submitted a cancelled $20,000 check she had written to Francis in 1990. The check has the word "loan" handwritten following the preprinted word "for" in the lower left corner.

Francis answered, claiming that he had received the $20,000 from Bishop as a business investment and asserting a statute of limitation defense. During discovery, Bishop admitted that she had written the word "loan" on the check after it had been cashed by Francis. Francis filed a motion for summary judgment, on which the trial court apparently did not rule. Following an unreported nonjury trial, the court entered judgment for Bishop. Francis appeals.

[31] *Robinson v. State*, 278 Ga. 31, 37 (3) (d) (597 SE2d 386) (2004).

Because of the absence of a transcript, Bishop has moved to dismiss the appeal and to impose a penalty against Francis for frivolous appeal under Court of Appeals Rule 15. The absence of a transcript is, however, a ground for affirmance of the judgment rather than dismissal of the appeal.[1] In this case, as in *Brown v. Premiere Designs*,[2] the absence of a transcript precludes our review of the errors claimed by Francis.[3] For that reason, the judgment is affirmed. The motion for imposition of penalties for frivolous appeal is denied.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 21, 2005.

*David W. Bass*, for appellant.
*Chesnut, Livingston & Pye, Tom Pye*, for appellee.

---

[1] *Brown v. Premiere Designs*, 266 Ga. App. 432, 434 (597 SE2d 466) (2004).

[2] Id.

[3] Although we must assume that evidence introduced at the unreported trial supports the judgment, arguably Francis was entitled to summary judgment under the record *sans* transcript. But an appellate court will not review the denial of a motion for summary judgment following a trial on the merits. *Acuff v. Proctor*, 267 Ga. 85, 86 (5) (475 SE2d 616) (1996).