## A08A0138. CHACON v. HOLCOMBE.
(660 SE2d 851)

ANDREWS, Presiding Judge.

William Holcombe sued Victoria Chacon to collect payment claimed due on an alleged oral agreement for Holcombe to perform general contractor services on construction of residential property owned by Chacon. A jury rendered a verdict in favor of Holcombe, and Chacon appeals claiming: (1) that there was no evidence to support a finding by the jury that a contract existed between the parties; (2) that, even if there was evidence of a contract between the parties, the jury's verdict exceeded the evidence of damages arising from breach of the contract; and (3) that there was no evidence to support the jury's award of attorney fees to Holcombe.

We conclude there was evidence to support a finding by the jury that a contract existed between the parties, but we agree with Chacon that the jury's verdict on the breach of contract claim was in excess of any recovery authorized by the evidence. Accordingly, the judgment entered on the verdict must be reversed, and Chacon is entitled to a new trial.

1. Holcombe testified that he and Chacon orally agreed that he would perform general contractor services on the construction of two residences, and that Chacon would pay him fifteen percent of the cost of labor and materials used in the construction. Although Chacon disputed this testimony, Holcombe's version of events provided a sufficient basis for the jury to find that the parties agreed on the terms of an oral contract. *Eggleston v. Johnson*, 240 Ga. App. 709-710 (524 SE2d 761) (1999).

2. The record shows that, in support of his claim for damages for breach of the oral contract, Holcombe identified a total of $164,655.93 of labor and materials used in the construction that applied to the general contractor services he performed under the contract. Pursuant to this evidence and the terms of the contract, the jury was authorized to find that Holcombe was entitled to be paid 15 percent of this total or $24,698.39. Holcombe testified that, after Chacon terminated his services on or about February 15, 2002, she refused to pay him.

Pursuant to instructions from the trial court, the jury was authorized by OCGA § 13-6-13 to increase the $24,698.39 in breach of contract damages by adding prejudgment legal interest to the damages at the rate of seven percent per annum simple interest from the date of the breach in February 2002. *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 119 (335 SE2d 547) (1985); *Wheels & Brakes v. Capital Ford Truck Sales*, 167 Ga. App. 532, 534 (307 SE2d 13) (1983); OCGA § 7-4-2 (a) (1) (A). Because the trial occurred in February 2007, about five years after the date of the breach, the jury was entitled to

calculate that seven percent per annum simple interest on $24,698.39 amounted to $1,728.89 per year, for a total of $8,644.45 interest for five years. Accordingly, the evidence authorized the jury to add $8,644.45 to the $24,698.39 in damages for a total of $33,342.84 on the breach of contract claim.

It follows that the jury's general verdict on the breach of contract claim in the amount of $42,690.05 was in excess of any recovery authorized by the evidence. Because the amount of the verdict was not within the range of the evidence, the judgment entered on the verdict must be reversed. *Beall v. F. H. H. Constr.*, 193 Ga. App. 544, 545 (388 SE2d 342) (1989).

3. We need not address Chacon's claim that there was no evidence on the present record to support the jury's additional award of attorney fees.

*Judgment reversed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 4, 2008.

*Troutman Sanders, Benjamin D. Chastain*, for appellant.
*Reed Edmondson, Jr.*, for appellee.